# FARMERS' HARDWARE & IMPLEMENT CO. v. THACKER.

No. 5112.   Opinion Filed December 14, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1144.)

1. **EVIDENCE—Best and Secondary—Preliminary Proof—Records.**
A party was permitted to introduce as evidence the records of the register of deeds office showing certain recorded deeds without first offering proof that the original deeds were not in his possion or under his control. **Held** error.

2. **RECEIVERS—Sale of Realty—Validity of Deed—Requisites.**
The court having confirmed a receiver's sale of real property in his hands and having directed him to make a deed therefor, no further action upon the part of the court is necessary to render a deed so made valid and binding.

3. **SAME—Notice—Power of Court.** There are no requirements of the statute directing how a receiver's sale should be conducted, and the court has the authority to direct how the same shall be conducted and what notice shall be given to interested parties.

4. **SAME—Motion to Set Aside Receiver's Sale—Res Judicata.** A party claiming an interest in the property made a motion to set aside a receiver's sale upon the grounds that it had no notice of the intended sale, and that the sale was fraudulent. The motion was overruled and no appeal was taken therefrom. **Held,** as to the moving party, the matter thereby becomes **res judicata.**

5. **SAME—Confirmation of Sale.** The overruling of a motion to set aside a receiver's sale amounts to an order confirming the sale.

(Syllabus by Mathews, C.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by John Thacker against the Farmers' Hardware & Implement Company and others. Judgment for plaintiff, and defendant named brings error. Affirmed.

*Bennett & Pope,* for plaintiff in error.

*Morgan & Deupree* and *G. W. Cornell,* for defendant in error.

Opinion by MATHEWS, C.  The parties will be designated as in the trial court.  It appears that the firm of Huber Bros., a copartnership, purchased certain real property from the receiver of defendant, and afterwards the property in controversy was deeded to plaintiff by Antone Huber, Jr., who held a deed from Charles A. Huber.  It appears, further, that there was no record evidence disclosing who were the members of the said firm of Huber Bros., hence the plaintiff filed an action to quiet the title to the above property in himself, and among other parties made the said Farmers' Hardware & Implement Company a defendant.  The principal object of the suit was to have a judicial determination as to who composed the firm of Huber Bros., so that his chain of record title would be complete.  The other defendants made default, but the above-named defendant answered by general denial.  The action was tried to the court, who found for the plaintiff, and defendant prosecutes this appeal.  This controversy had its inception in an action begun in the district court of Oklahoma county, wherein the Parlin & Orendorff Co. sued the defendant herein, the Farmers' Hardware & Implement Co., and the court therein appointed one W. W. Storm as receiver for the property of said defendant, which included the property in controversy, and said receiver sold the same to Huber Bros.

At the trial the plaintiff produced the register of deeds of Custer county as a witness, who presented the records from his office and was permitted, over the objection of defendant, to testify that certain pages, specifying the same and the volume, contained copies of certain deeds to the property in controversy, as follows:  A deed

from W. W. Storm, receiver of defendant, to Huber Bros., a deed from Charles A. Huber, to Antone Huber, Jr., and a deed from Antone Huber, Jr., to plaintiff, with a request, which was granted, that said deeds be copied, certified to, and filed as a part of the record in this case.

Sections 5099 and 5115, Rev. Laws 1910, provide the mode for the introduction of the records, and the Supreme Court, in the recent case of *Dyal v. Norton,* 47 Okla. 794, 150 Pac. 703, held that sufficient evidence must be produced to satisfy the court that the original instrument is not in the possession of or under the control of the party offering the record before the records may be received in evidence. In the case at bar, no evidence was offered upon that point, hence the admission of the records was error; but did the defendant have such an interest in the property that it could complain of the error? If the defendant, through its receiver, had transferred and conveyed its entire interest in the property, and if the record in this case shows *aliunde* that fact, then the court did not commit prejudicial error in admitting the records of the register of deeds without the statutory proof being first made. *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359.

Defendant's next contention is that the title to the lots in controversy never vested in the grantor of plaintiff, and it states its proposition as follows:

"Defendant contends that a sale of real property by a receiver under the order of the court, as in this case, must be reported to and approved by the court and confirmed, and until that is done, the purchaser does not obtain title to the property undertaken to be sold."

This contention of the defendant cannot be sustained for two reasons: First. Copies of the record of the

district court of Oklahoma county in the case of *Parlin & Orendorff Co. v. Farmers' Hardware & Implement Co.,* which were filed as evidence in this case and stipulated by the parties to this action as correct, show exactly to the contrary. On the 13th day of February, 1900, in that case, there was filed a journal entry, signed by the district judge, entitled, "Order Confirming Contract of Sale and Authorizing Receiver to Execute and Deliver Deed and Bill of Sale."

In this order it is recited that the application of the receiver came on to be heard for an order confirming contract of sale of the property in his hands as such receiver, and authorizing him to execute and deliver a deed therefor, and therein the court found and decreed that it was necessary to sell and dispose of all of the property in the receiver's hands and that the best bid therefor was that of Huber Bros., and that they had bid $2,700 for lots 11 aud 12, block 61 (the property in controversy), in the town of Weatherford, Custer county; that the receiver had, under the directions of the court, accepted said bid of said Huber Bros. and that the sale and conveyance of said property by the receiver to said Huber Bros. should be and the same was thereby approved, ratified, and confirmed, and that the said receiver was authorized and directed to make, execute, and deliver to the said Huber Bros. a deed to the said lots 11 and 12, block 61, in Weatherford, Okla.

The above-cited order is very lengthy and concludes with the following:

"That upon the completion of the said invoice and the execution and delivery of the said deed and bill of sale, as herein authorized and directed, and upon payment by said members to the said receiver of the sums

herein named and designated and report thereof to the court, said deed of conveyance and bill of sale and transfer of all said property should be approved and ratified and confirmed by the court."

The defendant argues that this excerpt last quoted shows that it was the import of the order that the sale was to again be reported to the court to receive his final action, which was never done. Apparently from a reading thereof this contention is correct, but a careful examination of the entire order leads us to conclude that this last clause was inserted in the order inadvertently, and that it could not have been the real intention of the court to have the receiver report to him again relative to executing a deed to the real property to Huber Bros. Even in this very clause it is recited that after "the execution and delivery of the deed as authorized and directed," showing that it was the intention of the court that the transaction relating to the transfer should be entirely completed without any further order on his part.

The defendant makes these citations in support of its contention: High on Receivers, § 199; *Simmons v. Wood,* 45 How. Prac. (N. Y.) 268; 34 Cyc. 321; *In the Matter of the Application of Charles Denison et al., Stockholders of the Grocers' Bank of New York City, for the Appointment of a Receiver,* 114 N. Y. 621, 21 N. E. 97; *Williamson v. Berry,* 8 How. (U. S.) 496, 12 L. Ed. 1170.

These cases are not in point, for each of them is upon the proposition that when a receiver is directed to sell the property, the sale is not complete and binding until it is confirmed by the court, which is a correct statement of the law; but in the case at bar, the court, in the order under consideration, was not making an order permitting the receiver to make a contract to sell the property. The point again, because from the above action of the court

receiver had already made a contract to sell the same, and the order so recites, and was then asking the court to confirm the sale. It is not contemplated by the statute that the court should take any action relative thereto after the execution of the deed (section 5201, Rev. Laws 1910), and we see no necessity therefor.

Defendant next complains that even though the sale if fact was confirmed, it had no notice of the intended sale, and therefore the same was not binding upon it. The case of *Threadgill v. Colcord*, 16 Okla. 447, 85 Pac. 703, is similar to the facts in this case. The court there held that there was no requirement of the statute directing how a receiver's sale should be conducted, and that all that was necessary in making such a sale was to follow the directions and orders of the court. But if such notice was necessary, defendant cannot be heard to complain here that it did not have such notice, because the records show that, after the confirmation of the sale, which was on the 14th day of February, 1900, the defendant, on the 1st day of February, 1901, filed a motion in the original case in the district court of Oklahoma county, to set said sale aside and therein set out that no notice of any kind was given of the receiver's intention to sell the property in controversy to Huber Bros., and that the said receiver had sold the said property for a grossly inadequate price, with intent to defraud defendant, and that on the 12th day of February, 1900, he had made and delivered to the said Huber Bros. a deed to said property, which deed had been recorded and the said Huber Bros. was then in full control of said property. This motion was by the court overruled. The defendant did not appeal from this order; the same thereby became *res judicata* as to it, and it will not be heard here to raise the point again, because from the above action of the court

it became conclusive. In the case of *Threadgill v. Colcord, supra,* this court held that the overruling of a motion to set aside the sale amounts to an order confirming the sale.

The defendant is further precluded from prevailing in this action because every attack it seeks to make against plaintiff's deed is a collateral attack, and not permissive in this action. *Sockey v. Winstock,* 43 Okla. 758, 144 Pac. 372; *Coblentz v. Cochran,* 44 Okla. 158, 143 Pac. 658; *Alfrey v. Colbert,* 44 Okla. 246, 144 Pac. 179; *McDuffie v. Geiser Mfg. Co.,* 41 Okla. 488, 138 Pac. 1029; *Smith v. Kessler et al.,* 22 Idaho, 589, 157 Pac. 172, syl. 2.

From the foregoing, it is concluded that as the record evidence in this case shows that Huber Bros. received a deed to the property in controversy from the receiver of defendant, therefore the error of the court in admitting the records of the register of deeds office aforesaid was without prejudice to any right of defendant.

The claims that defendant seeks to set up in this case are wholly without merit and devoid of all equity, and even if it once had a just contention, it has become stale by the lapse of time. Huber Bros. purchased this property from the receiver of defendant, and received a deed therefor on the 12th day of February, 1900. About a year thereafter, defendant made a motion to set the sale and deed aside, which motion was overruled, and nothing further was done until this action, ten years having intervened and the property having passed into the hands of an innocent purchaser, and defendant's rights, if it had any, were permitted to sleep all that time. Such laches should not be looked upon with favor.

The judgment should be affirmed.

By the Court: It is so ordered.