**FIRST NATIONAL BANK OF TULSA et al. v. COLONIAL TRUST CO. et al.**

No. 7432—Opinion Filed July 10, 1917.

On rehearing, Sept. 25, 1917.

(167 Pac. 985.)

1. **Mortgages — Action to Foreclose—Personal Judgment.**

An action to foreclose a real estate mortgage may be maintained without seeking a personal judgment for the mortgage indebtedness.

2. **Receivers—Conduct of Sale.**

There being no statute in this state directing the manner of conducting the sale of property by a receiver, the court, in the order of sale issued upon the decree of foreclosure, may direct the manner in which the sale shall be conducted.

3. **Same—Sale—Return.**

It is not a valid objection to the confirmation of the return of sale made by the receiver that a part of the property sold was real estate, and therefore the order of sale should have been directed to the sheriff and not to the receiver.

4. **Appeal and Error — Receivers—Discretion of Court — Confirmation of Sale—Irregularities—Ratification.**

Where, at a hearing had upon objection to the confirmation of the return of sale made by the receiver, certain irregularities in the execution of the order of sale are shown and the objections are overruled and the sale confirmed, held: (a) that the court had the power to ratify and approve such irregularities and did so by the order confirming the return; (b) that the objections and the motion to confirm were largely addressed to the discretion of the trial court, and in the absence of an abuse of such discretion the appellate court will not be inclined to disturb the order of confirmation.

(Syllabus by Galbraith, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by the First National Bank of Tulsa against the Oklahoma Union Traction Company in which the Colonial Trust Company and others intervened. Judgment against the Oklahoma Union Traction Company, and from an order confirming a sale made by the receiver, the First National Bank, the Traction Company, and Anna B. Small appeal. Order affirmed.

Gregg & Martin, for plaintiffs in error.

Biddison & Campbell, for interveners.

A. A. Small, in pro. per.

Opinion by GALBRAITH, C. This appeal presents for review an order of the trial court denying a motion to vacate an order of sale, and an order overruling a motion to vacate the sale, and an order confirming the return of sale made by the receiver under the order first complained of.

A brief history of the lawsuit is as follows: On the 9th day of December, 1911, the First National Bank of Tulsa commenced an action in the district court of Tulsa county against the Oklahoma Union Traction Company, to collect a promissory note for the sum of $6,918, bearing date of September 24, 1911, due one day after date with interest at 10 per cent. per annum from date until paid, and to foreclose a mortgage given by the Oklahoma Union Traction Company to secure the payment thereof upon "all of the property, real, personal and mixed of this corporation, situated in Tulsa county, Oklahoma, together with all of its franchises, rights, privileges, roads, roadbed, equipment, rolling stock, power station, dynamo, motor, lines, wires, posts, lands, leasehold, tools, rents, issues and profits, rights of way, easements, furniture, and all other property of every kind, character and description, and

situated in said county, now belonging to this corporation as security to protect said note." On the same day the plaintiff in the action made application to the court for the appointment of a receiver to take charge of the mortgaged property, and upon a hearing a receiver was appointed "to take charge of all the property, goods, moneys and effects of the said defendant, and to preserve the same until the further order of this court or of the judge thereof." The receiver qualified and took charge of the property on the 11th day of December, 1911. On the 12th day of December, 1911, the Colonial Trust Company filed application to be allowed to intervene in said cause on the ground that it held 30 $1,000 bonds of the Oklahoma Union Tractor Company issued by said company on the 23rd day of May, 1910, and secured by a mortgage or trust deed on the same property described in the mortgage to the First National Bank of Tulsa, and sought to be foreclosed in said action. The application was allowed and the. Colonial Trust Company filed its answer to the plaintiff's petition and its cross-petition, setting up its claim by reason of the bonds held by it and the trust deed given to secure the same, alleging that its debt was a first and prior lien on the property, and asked that the court so decree. and that it have judgment for the amount of its debt, interest, and attorney's fee, and a decree of foreclosure of its lien, and a sale of the property. On the 27th day of April, 1914, the Central State Bank of Kiefer filed motion for leave to intervene in said cause on the ground that it owned 5 $1,000 bonds issued by the Oklahoma Union Traction Company at the same time, and being a part of the series of bonds issued to the Colonial Trust Company, and secured by the same trust deed upon the same property, and alleging that the same was a first and prior lien on the property, and asked for judgment for the amount of its debt and for foreclosure of its lien, and the sale of the property, to satisfy the same. It was orerded that the request of intervention should be granted. Answer and cross-petition by the Kiefer Bank was filed in said cause.

In response to a contention made in the case that the Colonial Trust Company and the Kiefer Bank had no right under the trust deed to maintain the suit for foreclosure, and that the trustee alone could maintain such action. on the 27th day of May. 1914. John A. Oliphant, the trustee named in the trust deed given to secure the bonds issued, made application and was allowed to intervene in the cause. In the brief petition filed

by the trustee he alleges that he is the trustee named in the trust deed given to secure the bond issue set out in the answer and cross-petition of the Colonial Trust Company, and the Central State Bank of Kiefer, and that the allegations of the answer and cross-petition of the Colonial Trust Company and the Central State Bank of Kiefer, were true, and that he adopted the same and made them a part of his petition. and prayed for the same relief. On the 1st day of June, 1914, the Interurban Construction Company filed its petition in intervention, claiming an indebtedness against the Oklahoma Union Traction Company of $11,484. On the same day Anna B. Small filed a motion in said cause to be allowed to intervene therein. which motion was granted, and on the 2d day of June, 1914, her petition in intervention was filed, setting up a claim of an indebtedness of $20,000, evidenced by a promissory note executed by the Oklahoma Union Traction Company and secured by mortgage on the same property described in the mortgage to the First National Bank. The prayer of her petition was for judgment in the amount of her debt, for foreclosure of her lien, and the sale of the property to satisfy the same.

After these several petitions of intervention had been filed, answers and replies were filed by the respective parties and issues joined and the cause was set down for trial on the 23rd day of June, 1914. On the day of the trial the defendants, the Oklahoma Union Traction Company, Anna B. Small, and George B. Small demanded in writing a trial by jury upon the questions of fact arising upon the issues formed by the pleadings of the plaintiff and the intervening defendants. It does not appear from the record that this demand was acted upon, but the record shows that the Colonial Trust Company, the Central State Bank, and John A. Oliphant, trustee, on that day in open court made the following statement:

"Mr. Biddison: Come now the interveners, the Colonial Trust Company, the Central State Bank of Kiefer, and John A. Oliphant, trustee, and dismiss without prejudice their petition so far as they claim any personal judgment against the defendant the Oklahoma Union Traction Company, and stand upon their pleadings as and for the foreclosure of the mortgage given to secure the bonds described in their petition."

Thereupon the cause proceeded to trial before the court, and judgment was rendered for the First National Bank of Tulsa for the amount of its note, interest, and attorney's fee, and for the foreclosure of its

mortgage. Judgment was also rendered in favor of Anna B. Small against the Oklahoma Union Traction Company for the amount of her claim, interest and attorney's fees, and for the foreclosure of her mortgage, and the court further ordered that the lien of Anna B. Small was co-ordinate with that of the First National Bank of Tulsa. The Colonial Trust Company, Central State Bank of Kiefer, and John A. Oliphant offered evidence to establish the amount of the indebtedness held by each, and the amount of the parties to the trust deed, all of which was objected to on the ground that the petition of said interveners did not state a cause of action. This objection was overruled and also a demurrer to the evidence, and the court found that the bonds held by the Colonial Trust Company amounted to $36,450, and that held by the Central State Bank of Kiefer was $6,075, and that said indebtedness was a first lien upon the property described in the mortgage to the bank, and the property was ordered sold, and the proceeds of sale applied first in the payment of such lien. The decree also provided that the property covered by the trust deed should be sold in parcels, and that upon praecipe filed by either the Colonial Trust Company or John A. Oliphant, as trustee, the receiver should proceed to sell all the property except the real estate, without appraisement and in the manner provided by law for the sale of real estate taken under execution; that the real estate should not be sold for a period of six months from the date of judgment, and then upon appraisement and in the manner prescribed for the sale of real estate upon the execution. After the expiration of six months from the date of this decree, to wit, on the 31st day of December, 1914, upon the praecipe of John A. Oliphant, trustee, an order of sale was issued directed to the receiver, directing him to advertise and sell the property as decreed and to make due return to the court. The receiver advertised the property for sale on the 5th day of February, 1915.

On the 1st day of February, 1915, the Oklahoma Union Traction Company presented a motion to the court, asking for a withdrawal of the order of sale, and to prevent the sale of the property on the ground briefly, that the decree of June 23, 1914, so far as it affected the Colonial Trust Company and the Central State Bank of Kiefer, and John A. Oliphant, trustee, was void for the reason that part of the decree was not based upon any issue pending upon the pleadings in the action, and was not responsive to any issues joined between the parties to the cause, and was wholly without the issues,

and further that said parties, by dismissing their cause of action, so far as it referred to a personal judgment against the Oklahoma Union Traction Company, left nothing in the pleadings upon which to base a judgment of foreclosure of the trust deed in favor of any of the holders of the bonds named therein, and further that there was no lien found in the decree against the franchise of the Oklahoma Union Traction Company, and the same was not ordered sold, and the same was the most valuable asset of the said Oklahoma Union Traction Company. This motion was by the court denied. The property was sold on February 5, 1915, to A. J. Biddison, for the sum of $53,500. The receiver made return of the sale to the court, and the purchaser presented a motion to confirm the same. The First National Bank and Anna B. Small objected to the confirmation upon the same ground set out in the motion to vacate the order of sale hereinbefore set out, and upon the additional ground that the sale of the property had not been made as directed in the decree and order of sale, in this, that the sale had been ordered to be made in parcels, but it was made as a whole, that is, the entire property was offered and sold as one lot; also that the other directed that the property should be sold as property taken upon execution, and that this was not done, and, further, that the rolling stock and other personal property of the company was not covered by the mortgage, and that no lien was found against the same in the decree; that this property was not appraised, enumerated and sold as directed in the order; that the franchise held by the Oklahoma Union Traction Company from the city of Tulsa was not appraised, enumerated, or sold; that it was not shown by the return that the real estate sold for two-thirds of its appraised value as required by law in the sale of real estate taken upon execution. Testimony was taken at the hearing on the objections to the motion to confirm the sale. The objectors introduced, among other testimony, the appraisement had prior to the sale by the receiver, which showed the following property appraised, to wit:

| | | |
|---|---|---|
| Lots six (6) and seven (7) block seven (7) in East Lynne addition to Tulsa, Okla., and improvements thereon | $ | 500 00 |
| All the trackage of the Oklahoma Union Traction Company not upon the aforesaid real estate | | $42,744 50 |
| All poles and overhead work, Okla. Union Traction Company | | $ 6,715 00 |
| Total appraised value | | $49,959 50 |

The franchise granted the Oklahoma Union Traction Company by the city of Tulsa, giving it a right to occupy and use the streets for its railroad, was also introduced in evi-

dence. There was no testimony offered as to the value of this franchise, if it possessed any particular value, nor was there any showing made of the value of any of the other property of the Oklahoma Union Traction Company not included in the appraisement above set out.

At the close of the testimony the court overruled the objection to the confirmation and ordered the sale confirmed, and directed the purchaser to pay the money into court, and the receiver to pass title to the property to the purchaser. Exceptions were saved, and time taken to make and serve a case-made for appeal to the Supreme Court, which was duly perfected, and the cause brought here for review. No appeal was perfected from the judgment of June 23, 1914, the decree of foreclosure, and that judgment therefore became final.

It is admitted that the attack made on that decree in the instant case is collateral and can only be sustained upon the theory that the parts of that decree called in question are absolutely void.

First, it is contended that when the bondholders and their trustee dismissed their cause of action for personal judgment for the amount of the indebtedness sued for against the Oklahoma Union Traction Company, they put themselves out of court, and made it impossible, under the issues, for the court to render a judgment granting them any affirmative relief; that sufficient allegations were not then remaining in the pleading on behalf of the said parties to support a judgment; that section 5128, Rev. Laws 1910, provides that in the foreclosure of a mortgage a judgment must be rendered for the amount claimed, in order to support the foreclosure, and that a suit merely to establish a lien and to foreclose cannot be maintained: that the debt is the principal thing and the mortgage is merely incidental and collateral thereto; and, standing alone, is not sufficient to support a judgment of foreclosure. This contention has been denied a number of times by the decisions of this court, the last time being in Echols et al. v. Reeburgh, 62 Okla. 67, 161 Pac. 1005. The first paragraph of the syllabus reads:

"Suit to foreclose a real estate mortgage may be maintained without seeking personal judgment for the mortgage indebtedness."

And in the course of the opinion the court say:

"In the present case plaintiff, as against appellants, sought foreclosure only, and not a personal judgment. The provisions of section 5128 of the Revised Laws of 1910, as amended by chapter 175 of the Session Laws of 1915, for personal judgments in actions to foreclose mortgages, are for the benefit of the lien creditor, and may be waived by him. This is the evident intention of the language used, and any other construction of that section would produce such a destructive effect upon the rights of lienors, in a great many cases, as could hardly have been intended by the legislative power. In a number of cases this court has held that suits in foreclosure may be maintained without seeking a personal judgment. Tracey v. Crepin, 40 Okla. 297, 138 Pac. 142; Crocker v. Stollard, 34 Okla. 612, 120 Pac. 781; McClung v. Cullison, 15 Okla. 402, 82 Pac. 499.

It therefore appears that the trial court was right in finding the amount of the indebtedness of the Colonial Trust Company and the Central State Bank of Kiefer against the Oklahoma Union Traction Company, and in declaring the same to be a lien on the property described in the mortgage, and in decreeing a foreclosure of the mortgage lien to satisfy said indebtedness, although their right to a personal judgment on such indebtedness to the action has been waived.

Again it is objected that the court had no authority to direct the receiver to sell real estate, and that since a part of the property covered by the mortgage and included in the foreclosure decree was real estate, the order should have been directed to the sheriff and not to the receiver. This question was raised and determined adversely to this contention in Threadgill v. Colcord, 16 Okla. 447, 85 Pac. 703, where the sale was not made by the receiver, but was made by an agent appointed for the purpose of conducting the sale. and the property sold was real estate. This court said:

"That brings us to the question: Can a receiver's sale be conducted by a master in chancery or auctioneer appointed for that purpose? We find nothing in our statute as to the manner in which a receiver's sale shall be conducted, nor as to whom shall have authority to conduct such sale. * * * We think that, in the absence of any statutory provision relating to the subject, the court committed no error in allowing a special master or auctioneer to conduct that sale, and that the court had full authority and ample jurisdiction to make such appointment."

In Farmers' Hardware & Implement Co. v. Thacker, 54 Okla. 425, 153 Pac. 1144, the property sold was real estate and the sale was made by the receiver. The third paragraph of the syllabus reads:

"There are no requirements of the statute directing how a receiver's sale should be conducted, and the court has the authority

to direct how the same shall be sold, and that notice shall be given to the interested parties."

A number of other assignments are urged, but they all go to the regularity of the sale and not to the jurisdiction of the court to make the order complained of. It will be remembered that the decree of foreclosure was not appealed from and became final, and it is not here for review. The court had the power to make the order of sale to carry out the decree of foreclosure. It had the power to direct the receiver to sell the property and to prescribe the manner in which the sale should be made. It had the power to confirm the sale as made and to pass upon the questions raised as to the regularity of the sale. For instance, it is complained that the franchise and the rights and privileges of the corporation as such were not included in the mortgage or trust deed, and no lien was found to exist against the same in the decree, and the same was not foreclosed or sold. The record does not sustain this contention. An examination of the mortgage discloses that all these were included in the description of the property mortgaged. The description of the property in the decree follows the description in the mortgage, and the order of sale copies the language of the decree and the notice of sale follows the order. There can be no question but that these several items were included in each step taken in the foreclosure prior to the appraisement. The fact that these several items of property were not specifically appraised, and in fact are not shown to have been appraised at all, does not go to the validity of the sale, since the power of the receiver in making the sale was embraced in the order issued to him by the court.

These objections primarily raised questions for the consideration of the trial court, that is, whether or not an irregularity of its receiver in the execution of the order of sale, such as the failure to appraise each and every item of the property and to sell the same in parcels, was a sufficient justification for the court to refuse to confirm the sale. It will be recalled that the decree of foreclosure directed that all of the property except real estate should be sold without appraisement. The trial court was in a much better position to judge than this court is now to determine whether or not it would have been advantageous to sell the property in parcels, rather than in one lot, and whether or not a failure of the receiver to have each item of the property separately appraised was an injury to complainants. The matter objected to, except the failure

to appraise, were irregularities in the execution of the order of sale. By confirming the sale the trial court ratified and approved them, as it had both the power and the right to do. The objections and the motion to confirm were addressed largely to the discretion of the trial court, and in the absence of an abuse of this discretion the appellate court would not be justified in disturbing the order of confirmation. Sparks v. First National Bank of Lawton, 21 Okla. 827, 97 Pac. 575. No showing was made in the evidence offered at the hearing had upon the objections to the confirmation that specific injury resulted to the complainants, as a result of the failure of the receiver to conduct the sale in exact compliance with the order of sale, and in the absence of such showing we indulge the presumption that no injury resulted therefrom.

At the hearing had on the objections to the confirmation, these matters were called to the attention of the trial court, and, after hearing the testimony, it approved the sale as made by the receiver, although it was not made in strict compliance with the order of sale.

A careful examination of the record fails to convince us that the trial court was wrong in overruling the objections to the return of sale and in ordering the same confirmed.

We, therefore, conclude that the order appealed from should be affirmed.

By the Court: It is so ordered.

On Rehearing.

WEST, C. Plaintiffs in error have filed petition for rehearing, and urge as the grounds therefor that the court erred in assuming in the opinion filed herein that the decree of sale embraced the franchise and tools; and, second, because the court in its judgment directed the sale of the franchise in contravention of section 1357, Rev. Laws 1910. Upon the first proposition we have carefully examined the record, and find that the mortgages and deeds of trust sued on in this case by specific terms covered the franchise of the plaintiff in error Oklahoma Union Traction Company, and that the judgment foreclosing the lien upon the mortgaged property undertook to follow the language of the mortgage and deed of trust in the foreclosure, and is sufficiently broad to cover all the property of every character and kind belonging to the Oklahoma Union Traction Company, plaintiff in error, as conveyed in their mortgage and deed of trust including the franchise. Section 1357, Rev. Laws 1910, is as follows:

chise. The corporation may at any time within one year after such sale redeem the franchise by paying or tendering to the purchaser thereof the sum paid therefor, with twelve per cent. interest thereon, but without * * * allowance for the toll which he may in the meantime have received; and upon such payment or tender the franchise and all the rights and privileges thereof revert and belong to the corporation, as if no such sale had been made."

It will be noted that this section is a part of article 11, c. 15, which undertakes to provide a remedy to subject the franchise of a corporation to the payment of an execution debt, and that said article deals only with the mode of procedure in levying an execution upon the franchise of corporations, while in the instant case the plaintiff in error the Oklahoma Union Traction Company had, by specific contract, mortgaged this asset of the corporation; and we are of the opinion that the court in foreclosing said lien under the terms of said mortgage would deal with the asset of the corporation in the manner as other property conveyed in said mortgage and deed of trust, and that this action of the statute would not apply.

Finding no reason for a different conclusion than that reached in the original opinion filed herein, we are convinced that that opinion should be adhered to, and the rehearing denied.

By the Court: It is so ordered.