## OKLAHOMA CITY PACKING & PROVIS-ION CO. et al. v. PEARSON, Trustee, et al.

No. 11414—Opinion Filed July 10, 1923.

Rehearing Denied Dec. 11, 1923.

**1. Mortgages—Deed of Trust—Foreclosure —Validity of Sale—Writ of Execution.**

In the foreclosure of a deed of trust, where the deed provides that in case of breach of conditions the trustee may take possession of the property and sell the same, and the court in rendering judgment makes an order authorizing the trustee to sell the real estate described in the deed of trust, it is unnecessary to the validity of the sale to have an execution issued and served as provided by chapter 3, art. 23, Comp. Stat. 1921.

**2. Same.**

In the foreclosure of a deed of trust, where the deed provides that in case of breach of conditions the trustee may take possession of the property and sell the same and the court in rendering judgment makes an order authorizing the trustee to sell the property, it is unnecessary to the validity of the sale for the sheriff to make the sale under writ of execution.

**3. Same—Time of Sale — "Appraisement Waived."**

In foreclosure of a deed of trust where same provides "appraisement waived," and the court has jurisdiction of the parties and the subject-matter, and in rendering judgment makes an order authorizing the trustee to appraise the property and sell the same after giving 30 days' notice, and the sale is made, and confirmed within six months from date of judgment, and the defendant offers no objections to the judgment or sale proceedings, he waives the six months provision of the statute, and the sale is valid.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 8.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by A. E. Pearson, Trustee, et al. against the Oklahoma City Packing & Provision Company et al. to foreclose deed of trust. Judgment for plaintiff, and defendants bring error. Affirmed.

Blakeney & Ambrister, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter, Stanard & Ennis, and Mont F. Highley, for defendants in error.

Opinion by THREADGILL, C. The defendants in error were plaintiffs and the plaintiffs in error were defendants in the court below and will be referred to herein as they appeared therein. The defendant, E. F. Sparrow, having at this time no interest in the controversy, the term "defendant" will be applied to the Oklahoma City Packing & Provision Company. The action was commenced by the plaintiffs on the 26th day of August, 1912, in the district court of Oklahoma county, state of Oklahoma, against the defendants.

The petition alleged, in substance, that on the 1st day of July, 1909, the defendant, Oklahoma City Packing & Provision Company, executed and issued its 100 bonds for the principal sum of $1,000 each, aggregating the sum of $100,000, and that on the same date, and as part and parcel of the same transaction, made and executed its certain deed of trust to the Columbia Bank & Trust Company, a corporation, as trustee, to secure the payment of the said bonds, on certain real estate situated in the city of Oklahoma City, Okla., to wit:

"Real estate described in deeds recorded in Books 46 at pages 298 and 299 and Book 31, at page 17, respectively, records of Oklahoma Co., and land described in deed of trust."

The petition stated that the said bonds were to mature on July 1, 1929, and to the same were attached interest coupons, payable on the first day of January and July of each year, from January 1, 1910, to July 1, 1929; that all of the said bonds were held by the plaintiffs in said action and that the defendant, Oklahoma City Packing & Provision company had made default and failed to comply with certain of its conditions and undertakings in said deed of trust stated by its failure to pay taxes falling due in 1911, and by failing to pay its interest coupons falling due July 1, 1911, and January 1, and July 1, 1912, and by its failure to perform other conditions of the said trust deed. The petition further stated that the Columbia Bank & Trust Company, designated as trustee in the deed of trust, had become insolvent and had gone out of the banking business and had declined to act as such trustee and that the plaintiffs, as the holders of the bonds, had appointed A. E. Pearson as their trustee to take the place of the Columbia Bank & Trust Company. A copy of the trust deed was attached to the petition and made a part of the same. There were other exhibits attached to the petition, but unnecessary of mention here for determination of the questions to be considered. The trust deed pro-

vided, among other things, that the defendant did grant, bargain, sell, convey, and mortgage to the Columbia Bank & Trust Company certain property situated in Oklahoma county therein described, and further provided that the defendant should pay taxes, the interest coupons, and create annually a sinking fund, and other conditions which were alleged in the petition to have been broken. The said trust deed further provided as follows:

"The party of the first part hereby waives all rights of notice, appraisement and right of redemption that now or maybe be hereafter provided for by the law of the state of Oklahoma."

The plaintiffs prayed in the petition that the property in controversy be authorized to be sold by the trustee after such notice as the court might order.

The defendant, Oklahoma City Packing & Provision Company, filed its amended answer on December 7, 1912, which admitted the execution of the bonds sued on and attempted to set up certain defenses which are unnecessary to be stated for the purposes of this opinion.

The issues were tried upon the 29th day of October, 1913, and judgment was rendered in favor of the plaintiffs. The judgment found that the bonds were due, owing, and unpaid, with interest as alleged in the petition, and found that A. E. Pearson was the duly appointed trustee under the deed of trust in the place of the Columbia Bank & Trust Company, the original trustee, and that the plaintiffs' were entitled to foreclose the lien of the trust deed against the defendants in the action, and, thereupon, the court entered judgment for the amounts due the respective plaintiffs and decreed that the lien of the said deed of trust upon the said real estate be foreclosed against the defendant—

"And that the said A. E. Pearson, trustee, be and he is hereby authorized and empowered to advertise and sell said above described real estate at public auction to the highest bidder for cash, at the west door of the court house of Oklahoma county, Oklahoma, in Oklahoma City, after having said property appraised in the same manner as is provided for the appraisement of real estate sold under execution. The appraisers, however, to be appointed by said trustee, and the notice of the time, place and terms of the sale of said property to be had and given in the same manner as is provided by law for the sale of real estate under execution and order of sale. Said notice being required to be published in a newspaper of general circulation in the county of Okla-

noma, state of Oklahoma, for at least thirty (30) days prior to the day of sale; and within ten (10) days after sale said trustee is to report said sale to this court for confirmation or rejection.

"It is further ordered by the court that after the sale of said property by said trustee and the approval of said sale by this court, and the payment of the purchase price of said property by the purchaser thereof at said sale, the said Pearson, Trustee, shall proceed to make deed to said purchaser for said property so sold."

Thereafter on the 25th day of February, 1914, there was filed in the office of the court clerk a report of sale, which, among other things, reported that A. E. Pearson, as trustee, in accordance with the order of the court, entered on the 29th day of October, 1913, did on the 6th day of January, 1914, advertise the said property for sale on the 9th day of February, 1914, at the west door of the court house of Oklahoma county in the state of Oklahoma at public auction to the highest bidder for cash after proof of publication was had. This report further recited that before making the said sale the trustee had caused said property to be appraised and that such appraisement was for $25,000, and that the property had been sold to the plaintiff, Retailers Fire Insurance Company, a corporation, for more than two thirds of the appraised value. A copy of the appraisement was attached to the report. The trustee moved that the said sale be confirmed.

On the 25th day of February, 1914, the plaintiffs filed their motion asking for confirmation of said sale and on the 7th day of March, 1914, by order of the court the said sale was confirmed and the said A. E. Pearson, trustee, was directed to issue a deed to the said plaintiff.

And thereafter, on January 7, 1919, the defendant filed a motion to set aside the said judgment, the sale and the confirmation of the sale for many reasons, which, when boiled down and summed up are set forth and urged in defendants' brief as follows:

"First. That the pretended sale was void because no process was issued directing such sale.

"Second. No officer authorized by law made or pretended to make such sale.

"Third. That the judgment under the law precluded the sale for six months after its date and the sale in controversy being made within six months of such judgment is void."

On the 1st day of February, 1919, the plaintiffs filed their demurrer to the motion,

and on the 22nd day of November, 1919, the demurrer was by the court sustained and the motion of defendant overruled and the defendant brings the cause here by petition in error and case-made for review urging the errors as above stated.

1. The defendant contends, first, that the pretended sale was void because no process was issued directing such sale.

The defendant cites many authorities in support of this contention and the authorities cited and the argument made are based upon the assumption that in all foreclosure sales a writ of execution is necessary to the validity of the sale and without the writ the sale cannot be made. The contention of the defendant would be true if the statute provided that a writ of execution must be issued and served in all cases to the exclusion of the inherent power of the court to order otherwise.

Section 691, Compiled Statutes of 1921 (5149, Revised Laws of 1910), reads as follows:

"Executions shall be deemed process of the court and shall be issued by the clerk, and directed to the sheriff of the county. They may be directed to different counties at the same time."

This section is exclusive as to whom the process is directed, but there is no provision in this section that the execution shall be issued in all cases or in any case, but if it is issued it must be directed to the sheriff and it will be void if directed to any other person. The court having jurisdiction of the parties and of the subject-matter of the litigation in a foreclosure action has the power in this state to make an order directing a receiver or an agent for the receiver or the trustee or any other competent person to sell real estate, the subject-matter of the litigation.   Threadgill v. Colcord, 10 Okla. 447, 95 Pac. 703; First Natl. Bank v. Colonial Trust Co., 66 Okla. 106, 167 Pac. 985.

This is also true in other states. Fried v. Stone, 14 Neb. 398, 15 N. W. 698; Johnson v. Colby (Neb.) 72 N. W. 313; Thomas v. Thomas (Mont.) 119 Pac. 283.

In the state of Colorado, where the law provides that the sheriff is the only officer authorized to make sale of real estate under judgment of foreclosure, they hold that the appointment of a commissioner to sell the property is irregular.

In the case of Blitz v. Moran (Colo.) 67 Pac. 1020, the court discusses this subject as follows:

"But is said that an authoritative decision that sales under decrees of foreclosure can be made only by the sheriff will be disastrous in its effect, in that it will disrupt and destroy a large number of titles acquired through foreclosure sales made, in accordance with decrees, by persons other than the sheriff, especially appointed for the purpose. The theory is that, if the law requires such sales to be made by the sheriff, the appointment by the court of a special master or commissioner to make them is absolutely void, and that therefore his acts under the appointment are nugatory.

"If it were true that under a practice long continued unquestioned, titles have vested, which a decision at this late day against the practices will nullify, the situation would demand the most earnest attention and consideration. But we think that counsel's apprehensions as to the effect of a decision that the sheriff is the proper officer to execute a decree of a foreclosure are groundless. Let us see whether there is any cause for alarm. Where a court had jurisdiction of the parties and of the subject-matter of the suit, its judgment or decree, within the case-made by the pleadings, is valid. It may be erroneous, but it is not void. It cannot be attacked collaterally, and it can be attacked directly only in the manner and within the time prescribed by law for obtaining its review by the proper tribunal constituted for the correction of errors. If the party against whom the judgment or decree is taken suffers the appointed time to elapse without moving towards securing its reversal, he is bound by it, no matter how erroneous it may be, and he is powerless to resist its enforcement. In actions for foreclosure, the order that the property be sold, whether by the sheriff or by a master or commissioner appointed for the purpose, is a part of the decree. If the order be that a person other than the sheriff make the sale, it is valid, because the court, having jurisdiction of the parties and the subject-matter, has the power to make it. In Eberville v. Drainage Co. (Colo. Sup.) 64 Pac. 200, an action of ejectment, our Supreme Court, speaking through Chief Justice Campbell, said: 'In deraigning title plaintiff relied upon a deed made by a court commissioner, whose authority was derived from a decree of the district court of Lake county, rendered in a case therein pending. The decree upon its face is regular, and shows that the court had jurisdiction of the subject-matter and of the parties to the action, and power to render the particular judgment in that case.' In Dabney v. Manning, 3 Ham. 321, 17 Am. Dec. 597, the lower court, in a partition suit, directed the land sold by a person other than the sheriff. The law required the title to be made by that officer. The executrix of the testator brought trespass against the purchasers at the sale, who had taken possession under their deed. Upon the question

of the effect of the judgment, and of the proceedings under it while it remained in force, the court spoke as follows: 'It is agreed that by law the courts are, in case of sale being ordered, directed to require that the sale be made by the sheriff, and that in this case they appointed another person to make it. But this error could not have the consequence of taking away their jurisdiction, nor rendering the same void. They were authoried to direct a sale by one person and they directed a sale by another. There is no just analogy between such a case and one where the court adjudged that to be done which the nature of the motion does not warrant, as adjudging that a defendant make a conveyance for land or receive a beating in a personal action. Before leaving this case, we think it worth while to observe that it appears from the statement preceding the opinion that after the sale and conveyance the proceedings in partition were taken up by writ of error and the order directing the sale reversed, and that thereupon the defendants abandoned the possession. Titles acquired through judgments merely erroneous, in which the parties have acquiesced, are valid. A deed made by a commissioner erroneously appointed by the court in a foreclosure proceeding to make sale of the property, no steps having been taken to secure a reversal of the decree, conveys the title of the party against whom the decree was rendered and that title is unaffected by the error in the decree.'"

In 24 Cyc., page 12, the general rule of law is stated as follows:

"While it is proper and usual to appoint an officer of the court to make the sale the court may appoint any person it sees fit, even though such person be not an officer. Any competent person may, as a rule, be appointed to make the sale, but the court should not appoint a person under disability, a non-resident, a person who is interested in the suit or the property, or a person holding an office incompatible with the trust of selling, and a sale made by a person who should not have been appointed is voidable, even though no fraud or actual bad faith be shown."

We must conclude that the order of the court authorizing the trustee in this case to make the sale of the property described in the trust deed was a legal order and the trustee was duly empowered to make the sale under the order instead of the sheriff of the county under an execution.

2. The defendant contends, second, that no officer authorized by law made or pretended to make such sale.

This presents the question as to whether any other person than the sheriff can conduct the sale of land in a foreclosure proceeding.

In the case of Threadgill v. Colcord, 16 Okla. 447, 85 Pac. 703, the court made an order directing the receiver to sell the real estate at a public sale after giving 30 days notice, and, thereafter, made another order appointing and empowering another person than the receiver to make the sale and the sale was made by the other person and confirmed by the court and the first paragraph of the syllabus in the case reads:

"Under the law of this territory where a receiver is appointed by the court and at the time fixed for the sale the said receiver is necessarily absent from the place of sale on application of the receiver or any person in interest the court may appoint an agent for the purpose of conducting the sale and that sale so made, if otherwise regular, will be confirmed, and such agent will not be required to take oath or give bond unless so directed by the order appointing him."

This decision was rendered by the territorial Supreme Court and it has been followed and approved by the Supreme Court of the state.

In First National Bank of Tulsa v. Colonial Trust Company, 66 Okla. 106, 167 Pac. 985, paragraph 3 of the syllabus reads as follows:

"It is not a valid objection to the confirmation of the return of sale made by the receiver that a part of the property sold was real estate and therefore the order of sale should have been directed to the sheriff and not to the receiver."

To the same effect is the case of Farmer's Hardware & Implement Company v. Thacker, 54 Okla. 425, 153 Pac. 1144. These cases answer the question of whether any person other than the sheriff is authorized or can be empowered under the law of this state to conduct a sale under the order and direction of the court in a foreclosure proceeding.

The only authority the trustee had for making the sale is set out in the 4th paragraph of the deed of trust, which provides:

"In case of default in the payment of the principal or interest of any of the bonds above mentioned, or in case of failure within a reasonable time to pay all charges, liens, taxes or assessments, or of failure to pay the annual installment upon the sinking fund as set out in the preceding paragraph, the trustee may take possession of all the property above described and for the purpose of securing the right of the bondholders, and of providing funds for the payment of said bonds and the interest thereon may sell the said property at public auction to the highest bidder therefor, on such reasonable terms as may be fixed by the trustee after giving 30 days' notice of the time, place and terms of the sale, by publication in a newspaper having a general circulation in the county and state of Oklahoma."

And the judgment of the court foreclosing the deed of trust, which provided as follows:

"And that the said A. E. Pearson, trustee, be and he is hereby authorized and empowered to advertise and sell said above described real estate at public auction to the highest bidder for cash, at the west door of the court house of Oklahoma county, Oklahoma, in Oklahoma City, after having said property appraised in the same manner as is provided for the appraisement of real estate sold under execution. The appraisers, however, to be appointed by said trustee, and the notice of the time, place and terms of the sale of said property to be had and given in the same manner as is provided by law for the sale of real estate under execution and order of sale. Said notice being required to be published in a newspaper of general circulation in the county of Oklahoma, state of Oklahoma, for at least thirty (30) days prior to the day of sale; and within (10) days after said sale trustee is to report said sale to this court for confirmation or rejection."

The holding of the court that it was not necessary to have the process issued by the clerk under seal and placed in the hands of the sheriff, empowering him to give notice and sell the real estate, where a receiver is appointed, is based upon the absence of any provision of the statute requiring this to be done, which was therefore left to the discretion of the court, and the same reason may be given in the sale of mortgaged property, where there is a trustee and a deed of trust or in any case of mortgaged property under foreclosure, where the court appoints a special officer to give notice and make the sale. The statute does not provide that the sheriff shall make the sale in all cases. The court has the inherent power, in the absence of an exclusive provision by the statute, to direct the manner of the sale, the notice to be given and the officer to direct the same and report to the court. Our statute, in providing for executions, is not exclusive in directing that an execution should be issued and requiring that it be in the name of the state and directed to the sheriff where the real estate is to be levied upon and sold, and the provision of the statute is sufficient for all purposes where the court having jurisdiction of the parties and the subject-matter does not see fit to exercise this inherent power vested in the court in appointing a special officer to carry out the judgment of the court.

The defendant's contention presumes that the law provides that a special execution must be issued by the clerk of the court under seal and directed to the sheriff of the county where the real estate is located in all cases where land is to be sold, and the argument they make and the authorities quoted are based upon this presumption. The court having jurisdiction of the parties and subject-matter, in the absence of any statutory inhibition preventing the exercise of its inherent power by virtue of its general jurisdiction, should authorize the trustee in the instant case to sell the real estate without the aid of an execution or the official services of the sheriff. Fried v. Stone et al., (Neb.) 15 N. W. 698; Johnson v. Colby (Neb.) 72 N. W. 313; Thomas v. Thomas (Mont.) 119 Pac. 283;; DeWitt County Natl. Bank v. Mickleberry, 244 Ill. 77, 91 N. W. 86.

There are also decisions in states requiring that the sheriff sell real estate in foreclosure cases holding that a sale made by an officer appointed by the court is not void, but voidable. Blitz v. Moran (Colo.) 67 Pac. 1025; Sproule v. Davies (N. Y.) 63 N. E. 1106; Abbott v. Curran, 98 N. Y. 667; Venner v. Denver Union Water Co. (Colo.) 90 Pac. 623.

The contention of the defendant (a) that the trustee was not an officer of any character, and (b) that he was an interested party to the suit, is without merit under the Oklahoma decisions above cited.

3. The defendant contends, in the third place, that the judgment under the law precluded a sale for six months after its date, and the sale in controversy, being made within six months of such judgment, was void. This contention is based upon the fact that the trust deed waived appraisement, and section 704 of Compiled Statutes of 1921 provides, in substance, that if the words "appraisement waived" or other words of similar import shall be inserted in the mortgage, the court rendering judgment thereon shall order as a part of the judgment that any process issued thereon shall be enforced and the land shall be sold without appraisement. "Provided that no order of sale or execution shall be issued upon such judgment until the expiration of six months from the time of the rendition of said judgment."

The trust deed provided as follows:

"The party of the first part hereby waives all right of notice, appraisement and right of redemption that now or may be hereafter provided for by the laws of the state of Oklahoma." ‖

The court in its judgment ordered the trustee to make the sale of the property at public auction to the highest bidder for cash, after having said property appraised in the same manner as is provided for the appraisement of real estate sold under execution, and it is conceded that the trustee made the sale pursuant to this order and within six months from the time the order was made, and the question arises as to whether the sale thus made would be a void sale.

This provision in a trust deed or a mortgage waiving appraisement is in favor of the mortgagor and gives him a period of six months in case of foreclosure, in which to redeem the property and prevent a sale, but if he sees fit to waive it, the property may be sold in less time, and the provision of the statute, where the appraisement is not waived, that appraisement must be had before sale, and the land must be sold for three-fourths appraised value, is in favor of the mortgagor, but he can waive it, and in neither case is the provision jurisdictional, requiring the strict letter of the law. In the case of Dennis v. Kelley, 91 Okla. 155, 197 Pac. 442, the fourth paragraph of the syllabus reads:

"In a foreclosure proceeding where the mortgagee has obtained a judgment of foreclosure and the mortgage contains the provision 'appraisement waived,' the mortgagor and persons affected thereby may stipulate to waive the six months' statutory period before an order of sale shall issue, and may further stipulate that the property may be advertised and sold, without appraisement, and upon advertisement as provided by law for sale of land under execution, and where the parties have so stipulated and sold to the highest bidder, and the sale confirmed by the court, all of which is in accordance with the terms of the stipulations, held, the order confirming the sale is valid, and will not be set aside unless on the ground of fraud, collusion, mistake, accident, or surprise."

And in the body of the opinion, 36 Cyc. 1285, is quoted with approval:

"Any matter which involves the individual rights of the parties to a cause may properly be made the subject of a stipulation between them. They may, by stipulation, waive the benefit of a statutory or constitutional provision, or rule of law, or irregularities, and they may agree upon the existence or truth of certain facts."

In Page v. Turk, 43 Okla. 667, 143 Pac. 1047, the Supreme Court of this state, discussing the appraisement provision in the mortgage, says:

"This language placed with mortgagee the option of having the land sold either with or without appraisement."

Any person has the right to waive a benefit provided for him by law, as set forth in Parsons v. Evans, 44 Okla. 57, 145 Pac. 122, and Sale v. Shipp, 58 Okla. 598, 160 Pac. 502, and in these last. cases cited, it is held by the court that, in order to waive one's right to the benefit provided for him, he need not enter into written stipulations, or make public declarations, but by his neglect and failure at the proper time to claim the benefit of the statute he may lose his rights..

In a Kansas case, DeJarnette v. Verner, 19 Pac. 666, the judgment debtor moved to set aside the same because the property did not sell for two-thirds of its appraised value and objected to the confirmation on that ground. The objection was overruled and no appeal was taken from the judgment, and the Kansas court held that the title to the property passed, although the land was sold for less than two-thirds of its appraised value, after the confirmation of the sale by the district court. The confirmation was not appealed from. The record in the instant case shows that at the time the judgment was rendered, being the 29th day of October, 1913, the defendant was present and made no objections to the judgment authorizing the trustee to sell the property and to appraise and sell after 30 days' notice, and there was no objection to the sale at the time it was made, nor·to the report of the same filed by the trustee, nor to the order of the court confirming said sale upon the 7th day of March, 1914, and at same time the defendant was a party to the suit and made personal appearance in court and filed its answer and amended answer to the plaintiffs' petition, and the court had jurisdiction of the persons and the subject-matter of the action, and the defendant, by its failure to take any exceptions to the judgment and order of the court and sale and failing to take any appeal from the judgment and orders of the court, waived its right 1 claim the delay of six months from the date of the judgment before sale could be made, and the said defendant will not be heard to complain five years thereafter that the judgment was void and have the court to set the same aside. The judgment of the court below is affirmed.

By the Court: It is so ordered.