## ST. LOUIS CAR CO. *vs.* STILLWATER STREET RY. CO.

53 129
66 411
66 445

Argued April 13, 1893. Decided April 27, 1893.

**Appearance in an Action.**

An appearance for any other purpose than to question the jurisdiction of the court is general, and gives the court jurisdiction of the person.

**Action to Dissolve a Corporation not Barred by Foreclosure Suit.**

A receivership in a suit to foreclose a mortgage on property of a corporation will not prevent another receivership, under 1878 G. S. ch. 76, in proceedings to sequestrate all the property and effects of the corporation for the benefit of all its creditors.

Appeal by plaintiff, the St. Louis Car Company, from an order of the District Court of Washington County, *F. M. Crosby,* J., made June 24, 1892, denying its motion for the appointment of a receiver of the defendant, the Stillwater Street-Railway Company.

This plaintiff, a foreign corporation, recovered judgment March 25, 1892, against defendant, a domestic corporation, in the District Court of Washington County, for $925.32. A writ of execution was issued thereon and returned unsatisfied. Thereupon plaintiff commenced this action under 1878 G. S. ch. 76, § 9, to sequestrate the property and effects of the Street-Railway Company, and have a receiver thereof appointed. The plaintiff gave notice to the defendant that on April 11, 1892, it would apply to the court for the appointment of such receiver. On that day defendant presented to the court a notice as follows:

"Now comes C. P. Gregory, and appears specially as attorney for the defendant, the Stillwater Street-Railway Company, for a negative purpose only, and for the purposes following, viz.: First. The defendant, the Stillwater Street-Railway Company, objects to any ·further proceedings, or any ·proceedings in this action looking towards the appointment of a receiver thereof, upon the grounds that there is a receiver already appointed therein, under and by virtue of an order of this court in an action already pending therein.

"Second. Because the plaintiff has never acquired jurisdiction in this action of either the subject-matter, or the person of the defendant, corporation.　　　　　　　　　　　C. P. GREGORY,

"Attorney for Defendant."

Defendant also submitted affidavits showing that on June 1, 1889, the Street-Railway Company borrowed of Allen Curtis, $60,000, and mortgaged to him its property, franchise and good will to secure repayment of that sum, fifteen years thereafter, with interest thereon at the rate of six per cent; a year, payable semiannually; that the interest was not paid, and that an action was commenced in the District Court to foreclose the mortgage for default of payment, and that Wm. M. Hewitt was, on February 27, 1892, appointed receiver under 1878 G. S. ch. 66, § 207, to take possession of the mortgaged property, and that he had done so, and was operating the railway as officer of the court, and in the interest of the mortgagee.

The District Court thereupon denied the application of the St. Louis Car Company for a receiver, on the ground that a receiver had already been appointed and the property was in *custodia legis*.

*Searles & Gail*, for appellant.

Gregory's appearance called upon the court in the first instance to determine whether the property for which plaintiff sought a receiver was already in *custodia legis*, and amounted to a general appearance within the rule laid down in *Curtis* v. *Jackson*, 23 Minn. 268; *Kanne* v. *Minneapolis & St. L. Ry. Co.*, 33 Minn. 419; *Godfrey* v. *Valentine*, 39 Minn. 336. The receivership in the Curtis suit is no defense to this application. *Lowell* v. *Doe*, 44 Minn. 144.

The receiver appointed in the Curtis suit could only administer the mortgaged estate for the benefit of the mortgagee. If there remain any estate in the receiver's hands after he has paid the mortgage debt, it belongs to the corporation. If the Street-Railway Company has wrongfully distributed its assets among its stockholders, or wrongfully disposed of its property before the mortgage was given, the Curtis receiver cannot pursue such property, for as to the corporation the disposition was valid, and the mortgage did not cover it. Such assets must be recovered by a receiver under 1878 G. S. ch. 76. *Minnesota Thresher Mfg. Co.* v. *Langdon*, 44 Minn. 37.

*J. C. Nethaway*, for respondent.

The appearance of Gregory was not of such a character as to confer jurisdiction upon the court to grant the relief prayed for by

plaintiff.    *Sanderson* v. *Ohio Cent. R. & C. Co.,* 61 Wis. 609; *Covert* v. *Clark,* 23 Minn. 539; *McLean* v. *Isbell,* 44 Mich. 129.

When this application was made, the receiver appointed in the Curtis case had full and absolute control of all respondent's property of every name and nature.    If that order is not full enough to satisfy the plaintiff, it had the right to apply to the court, and have the powers of the receiver extended so as to cover anything not covered in the former order.    *Tennessee* v. *Edgefield & K. R. Co.,* 6 Lea, (Tenn.) 353; *Mercantile Trust Co.* v. *Missouri, K. & T. Ry. Co.,* 41 Fed. R. 8; *Central Trust Co.* v. *St. Louis, A. & T. Ry. Co.,* 41 Fed. R. 551; *Osborn* v. *Heyer,* 2 Paige, 342; *Porter* v. *Kingman,* 126 Mass. 141; *Robinson* v. *Atlantic & G. W. Ry. Co.,* 66 Pa. St. 160; *Richards* v. *People,* 81 Ill. 551.

MITCHELL, J.    This action was brought by the plaintiff, as judgment creditor, for the appointment of a receiver of the defendant corporation, under the provisions of 1878 G. S. ch. 76.

A receiver had previously been appointed in a foreclosure suit brought by one Curtis against the same defendant.

The plaintiff having made a motion in the present action, the defendant appeared by attorney, the appearance being stated to be special, and objected to "any further proceedings, or any proceedings, in the action looking towards the appointment of a receiver thereof," upon the grounds—*First,* that "there is a receiver already appointed therein, under and by virtue of an order of this court in an action already pending therein;" *second,* because the *plaintiff* has never acquired "jurisdiction in this action of either subject-matter or of the person of the defendant corporation."

Giving counsel the benefit of the assumption that by "plaintiff" is meant "court," we still think that this amounted to a general appearance, which gave the court jurisdiction of the defendant.    The rule is that an appearance for any other purpose than to question the jurisdiction of the court is general.

The first ground of objection to plaintiff's application for the appointment of a receiver did not go to the jurisdiction of the court, either over the subject-matter or over the person of the defendant,

and did not purport to be made as such, but merely as a defense on the merits to plaintiff's motion, to wit, that a receiver had been already appointed in another action.

2. The fact that a receiver had already been appointed in the foreclosure suit constituted no reason why a receiver should not be appointed under 1878 G. S. ch. 76.

A receivership in a suit to foreclose a mortgage is only for the purposes of the foreclosure, and, however general the language of the appointment, affects only the property covered by the mortgage. Its purpose is to preserve the mortgaged property for the benefit of the mortgagee. *Lowell* v. *Doe,* 44 Minn. 144, (46 N. W. Rep. 297.) On the other hand, the object of a receivership of an insolvent corporation under 1878 G. S. ch. 76, is to sequestrate all its property for the benefit of all its creditors.

The powers of the receivers in the two cases are entirely different. There are various classes of property that can be reached by a receiver under chapter 76 which could not be reached by a receiver appointed in a foreclosure suit. The former has substantially all the powers and functions of an assignee in bankruptcy. Everything becomes assets in his hands which are assets as to creditors, although not assets as to the corporation, as, for example, property conveyed in fraud of creditors, capital withdrawn without provision for the payment of corporate debts, the personal liability of stockholders, etc. *Minnesota Thresher Mfg. Co.* v. *Langdon,* 44 Minn. 37, (46 N. W. Rep. 310.)

Of course, an appointment of a receiver under 1878 G. S. ch. 76, would not necessarily supersede the receivership in the foreclosure suit. If the court should be of the opinion that the interests of the mortgagee could not be otherwise properly protected, both receiverships might coexist; that under chapter 76 being subordinate, as to the property covered by the mortgage, to the receivership in the foreclosure suit.

And as it would be eminently desirable, if possible, that the entire property should be under the control of one officer of the court, there would be nothing improper in the court appointing the same person receiver in both cases, provided there is no conflict of interest between the mortgagee and the other creditors of the defendant.

But these are matters for the consideration of the District Court. Order reversed, and cause remanded for further proceedings.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1064.)