[No. 4364.  Decided March 7, 1903.].

W. H. FERNALD, *Respondent,* v. SPOKANE AND BRITISH COLUMBIA TELEPHONE AND TELEGRAPH COMPANY *et al., Respondents.*

RECEIVERS — APPOINTMENT BY COURTS OF CONCURRENT JURISDICTION — EXCLUSIVE CONTROL BELONGS TO FIRST APPOINTEE.

Where the superior court of one county has appointed a general receiver for an insolvent corporation with power to take possession and control all its property, it is error for the superior court of another county to appoint either the same or another person receiver for such corporation, even if done on the theory that the subsequent appointment was merely to extend the existing receivership to a foreclosure suit against the corporate property.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge, Reversed.

*Post, Avery & Higgins,* for appellants.

*Cullen & Dudley,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—On August 21, 1901, the respondent commenced an action in the superior court of Spokane county against the Spokane & British Columbia Telephone & Telegraph Company, the Inland Telephone & Telegraph Company, and the Pacific States Telephone & Telegraph Company, defendants in this action praying for a receiver for the first-named company, and for damages against the other two companies. Thereafter, on September 18, 1901, upon motion of plaintiff, one A. D. Campbell was appointed receiver of all the property of the said Spokane & British Columbia Telephone & Telegraph Company, with full power and control over the same, and with authority to continue the operation of the business of said company, to collect all claims and property belonging to said company, and to defend and prosecute all suits in or to which the said company may be a party; and thereupon the said receiver qualified, and took possession of all the property of the said company of every character and description. That action is still pending, and Mr. Campbell is still receiver, in possession of all the property, and conducting the business of said company. Thereafter, in the month of February, 1902, the respondent here, who was and is the plaintiff in the action above named, commenced this action in the superior court of Stevens county to foreclose a first mortgage upon all the property of the said Spokane & British Columbia Telephone & Telegraph Company, and prayed for the appointment of a receiver of said property

in said court. It appears from the complaint that the property of the defendant Spokane & British Columbia Telephone & Telegraph Company, upon which respondent claims a first mortgage, which he is seeking to foreclose in this action, is located partly in Spokane county and partly in Stevens county, in this state, and that the respondent's mortgage was recorded in both Spokane and Stevens counties. After the filing of the complaint in the last named case, and on the 11th day of February, 1902, upon a hearing upon the application of the plaintiff (respondent here) for a receiver, the superior court of Stevens county appointed A. D. Campbell such receiver, with general powers, as was done in the case pending in Spokane county. Mr. Campbell, appointed receiver in Stevens county, is the same person who was appointed receiver by the superior court of Spokane county.

The defendants in this last-named action appeal from the order of the court appointing a receiver in this case, and, among other errors, allege "that there is already a receiver of said corporation appointed by and acting under the superior court of Spokane county." They argue that it was error for the lower court to appoint the same or another receiver in this case, because there was no necessity for a second receiver, a receiver having already been appointed over all the property of every character and description belonging to the defendant, in another court and cause, to which the respondent was and is a party. We think this point is well taken. Mr. High, in his work on Receivers (3d ed.), at § 48, says:

"As between different courts appointing the same person receiver in different actions, it is held that the court first appointing him acquires exclusive control over the fund and the receiver holding it, and it will not permit such control to be interfered with by the subsequent appointment

of the same person in another cause, but will in the exercise of its powers proceed to disburse the fund as may be proper. Indeed, when a court of competent jurisdiction has appointed a receiver, who is in possession of and administering the property under its orders, another court of co-ordinate jurisdiction will not entertain a bill to administer the same property, and to take it from the possession of the former receiver, and to appoint its own receiver. In such a case, the parties aggrieved should seek relief in the court which is already in possession of the property through its receiver."

To the same effect are: 20 Am. & Eng. Enc. Law, pp. 89-134; *Lloyd v. Chesapeake, etc., R. Co.,* 65 Fed. 351; *State v. Jacksonville, etc., R. R. Co.,* 15 Fla. 201, 276; *O'Mahoney v. Belmont,* 62 N. Y. 133; *People v. Central City Bank,* 35 How. Pr. 428.

The superior courts of Spokane county and of Stevens county are each courts of general jurisdiction, and the process of each extends to all parts of the state. Const. art. 4, § 6. No doubt each of these courts, prior to the time the other had taken the property into its possession, had jurisdiction to appoint a receiver, with power to take possession and control of all the property of the defendant Spokane & British Columbia Telephone & Telegraph Company, for both counties. But when one court has made such appointment, and its receiver is qualified, and has taken possession of all the property of the defendant, then the other may not appoint the same or another person receiver with like authority. Numerous objections to such a practice readily suggest themselves.

But it is contended by respondent that the order last made by the superior court of Stevens county was to extend the receivership already in existence to a second foreclosure suit, and the following authorities are cited to sustain such practice, viz: *Lloyd v. Chesapeake, etc., R. Co., supra;*

High, Receivers, § 688; *Osborn v. Heyer,* 2 Paige, 342; *Howell v. Ripley,* 10 Paige, 43; *Putnam v. McAllister,* 57 N. Y. Supp. 404; *Alabama Iron & Steel Co. v. Mc-Keever,* 112 Ala. 134 (20 South. 84); *St. Louis Car Co. v. Stillwater Street Ry. Co.,* 53 Minn. 129 (54 N. W. 1064). These authorities, as we read them, do not hold that, where a receiver has once been appointed over all the property of a corporation, the plaintiff at whose suit such receiver is appointed may go into some other court of co-ordinate jurisdiction, and bring another suit, and have another or the same receiver appointed, with the same or equal powers as the first over the same property. *Lloyd v. Chesapeake, etc., Ry. Co.,* was a case where a judgment creditor brought suit against a railway company, and receivers were appointed in that suit to collect the earnings of the company, and apply such earnings on the judgment. Subsequently certain second mortgage bond holders brought an original action in the same court, and asked for an independent receivership. The actions were consolidated, and the receivership already in existence was extended to the second suit. But the court in that case said:

"I think there ought not to be an independent receivership under this bill. That would require the discharge of the receivers heretofore appointed, and the winding up of that receivership, for there could not be two independent receiverships of the same property."

*Osborn v. Heyer, supra,* was a contempt proceeding, where two suits had been commenced in the same court by different plaintiffs against the same defendants. In one of the cases a receiver was appointed to take possession of defendant's property. In the other a restraining order was issued, prohibiting the defendants from collecting the debts, and preserving the property from waste. The defendants, on account of the restraining order, refused to

deliver the property to the receiver. The court held that the receiver was entitled to the possession of the property, and directed the whole thereof to be delivered to him, to be collected, and converted into money, for the benefit of the parties to whom it may appear to belong. *Howell v. Ripley* and *Putnam v. McAllister* support the rule announced by Mr. High in his work on Receivers, at § 688, where, referring to the right to rents and profits of mortgaged property, he says:

"The general rule is that a junior mortgagee, who obtains a receiver of the rents and profits, in aid of a bill to foreclose his mortgage, is entitled to the rents and profits at the hands of such receiver, up to the time of appointing a receiver upon a bill by a prior mortgagee, not a party to the original suit. And the prior mortgagee is only entitled to have of the receiver such rents and profits as accrue after the appointment in aid of such prior mortgagee, although one and the same person is appointed in both cases."

The Alabama case is not in point on this question. *St. Louis Car Co. v. Stillwater Street Ry. Co.* was a case where a receiver was appointed in a suit to foreclose a mortgage upon certain property. Thereafter a judgment creditor brought an action under the Minnesota statute to sequestrate the property of the defendant company, and have a receiver appointed for all the property of the defendant company. In deciding the question raised, the court said:

"The fact that a receiver had already been appointed in the foreclosure suit constituted no reason why a receiver should not be appointed under 1878, G. S. ch. 76. A receivership in a suit to foreclose a mortgage is only for the purposes of the foreclosure, and however general the language of the appointment, affects only the property covered by the mortgage. Its purpose is to preserve the mortgaged property for the benefit of the mortgagee. *Lowell v. Doe,* 44 Minn. 144 (46 N. W. Rep. 297). On the other hand, the object of a receivership of an insolvent

corporation under 1878, G. S. ch. 76, is to sequestrate all its property for the benefit of all its creditors. The powers of the receivers in the two cases are entirely different. There are various classes of property that can be reached by a receiver under chapter 76 which could not be reached by a receiver appointed in a foreclosure suit. The former has substantially all the powers and functions of an assignee in bankruptcy. Everything becomes assets in his hands which are assets as to creditors, although not assets as to the corporation, as, for example, property conveyed in fraud of creditors, capital withdrawn without provision for the payment of corporate debts, the personal liability of stockholders, etc."

The effect of these decisions is that, where a receiver is appointed over a portion of the property of a defendant, the receivership may be extended to other property at the suit of a new party claiming an interest in the property already in possession of the court, and also in other property belonging to the defendants. But where the receivership in the first instance is general, and the receiver is appointed to take possession of all the property of every character and description and preserve it for the benefit of creditors entitled thereto there is no necessity for another receiver having like powers. Under the statute of this state a receiver will not be appointed at the suit of a mortgagee to forclose his mortgage where there is no donger of the property being lost, removed or materially injured. § 5456, Bal. Code. Where it appears that the property is already in the possession of a court of competent jurisdiction by its receiver, there is no necessity for another receiver in an action to foreclose a mortgage upon the property, so long as the receiver is acting in good faith and the property is not in danger of being lost, removed or materially injured.

The order appointing the receiver in this case was a

general order, practically a copy of the order appointing the receiver in the Spokane county case; it recites as fully the powers and duties of the receiver as did the order in the Spokane county case. If the court in this case had authority to appoint another receiver, it certainly had authority to appoint some other person. We think such practice, if permitted, would inevitably lead to injurious results in the administration of justice where receivers are permitted.

For this reason the order appointing the receiver in this case is reversed, and the cause remanded.

FULLERTON, C. J. and ANDERS and DUNBAR, JJ., concur.