[Civil No. 827.   Filed March 26, 1904.]

[76 Pac. 990.]

GILA BEND RESERVOIR AND IRRIGATION COMPANY, a Corporation, Plaintiff and Appellant, v. GILA WATER COMPANY et al., Defendants and Appellees.

1. RECEIVERS — EXTENSION TO ANOTHER ACTION — WITHOUT FORMAL ORDER—IRREGULARITY.—Where appellant had brought a suit, numbered 1728, against certain parties, and applied for a receiver therein to take possession of property now in dispute, and later other parties brought an action against appellant and others, numbered 1996, asking that the assets of appellant be marshaled, and that the receiver in cause No. 1728 take possession of and sell the property of appellant, and the parties in both suits were the same, and judgment was rendered in the latter cause that the property of appellant be sold by the receiver, said judgment and sale were not invalidated by the failure of the court to make a formal order extending the receivership in the former cause to the

latter, all parties having treated the receivership as extended, and the orders concerning the receivership having been entitled in both suits jointly.

2. SAME—SAME—SAME—SAME—COLLATERAL ATTACK.—The failure of a court to enter a formal order extending a receivership from one cause to another is a mere irregularity of practice to be taken advantage of during the pendency of the action, but after a receiver's sale has been made and confirmed and the judgment thereon has become final, such sale cannot be collaterally attacked for the error in a subsequent action to quiet title to the property so sold.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

Affirmed. Opinion, 202 U. S. 270, 50 L. Ed. 1023.

The facts are stated in the opinion.

J. B. Woodward, for Appellant.

The right to collateral attack is sustained in a suit, the exact counterpart of plaintiff's suit. *Guaranty Trust Co.* v. *Greencove Springs R. R. Co.,* 139 U. S. 137, 11 Sup. Ct. 512, 35 L. Ed. 116. The above is a leading case and recites the unbroken rule of the court that "The jurisdiction of any court exercising authority over a subject may be inquired into in every other court when the proceedings in the former are relied upon and before the latter." The same rule is laid down in *Harris* v. *Hardiman,* 14 How. 339-344, 14 L. Ed. 444.

In *Noble* v. *Union R. L. R. R.,* 147 U. S. 173, 37 L. Ed. 123, 13 Sup. Ct. 271, the court says: "The proceeding is a nullity and its invalidity may be shown in a collateral proceeding."

C. F. Ainsworth, for Appellees.

It is a well-settled rule that the final judgment of a court cannot be attacked in a collateral proceeding, but if it is in any way erroneous, the same must be rectified in a direct proceeding for that purpose. Van Fleet on Collateral Attack, p. 29; Black on Judgments, 1st ed., sec. 245; *Harris* v. *Lester,* 80 Ill. 307; *McGoon* v. *Scales,* 9 Wall. 23, 19 L. Ed. 545; *Wood* v. *Bayard,* 63 Pa. St. 320; *Gunn* v. *Plant,* 94 U.

S. 664, 24 L. Ed. 304; *Hendrick* v. *Whittemore,* 105 Mass. 23; *Lee* v. *Kingsbury,* 13 Tex. 68, 62 Am. Dec. 546; *Yoeman* v. *Younger,* 83 Mo. 424.

From the above authorities it follows that the judgment through which the appellee deraigns title to the property in question is conclusive upon the court below and also upon this court, unless the court rendering the judgment had no jurisdiction of the subject-matter of the action or the persons of the parties, and unless such lack of jurisdiction is shown that the judgment is final and conclusive and it cannot be disturbed in any way in a collateral proceding, but must stand, and full credit as to its validity extended to it.

SLOAN, J.—The Gila Bend Reservoir and Irrigation Company brought suit in the court below, alleging that it was the owner in fee simple of a certain irrigating canal, with its branches, certain water-rights connected therewith and certain tracts of real estate in township 2 north, range 5 west, Maricopa County, and asking that its title be quieted as against the Gila Water Company and certain other defendants, who were alleged to claim interests adverse to it in said property. The Gila Water Company answered, setting up title in itself, and asked that its title be quieted as against the plaintiff. The other defendants filed disclaimers, and were dismissed from the suit. The issues were tried by the court below, and judgment rendered in favor of the Gila Water Company, dismissing plaintiff's complaint, and decreeing the said Gila Water Company to be the owner in fee of the property in controversy. The Gila Bend Reservoir and Irrigation Company moved for a new trial, which was denied, and from this ruling and the judgment has appealed to this court.

Upon the trial the Gila Water Company introduced in evidence, to sustain its claim of title to the property in controversy, the record and judgment in a suit in which one W. H. Linn and others were plaintiffs, and the Gila Bend Reservoir and Irrigation Company and others were defendants, and known on the docket of the district court of Maricopa County, where the suit was brought as case No. 1996. The plaintiff, the Gila Bend Reservoir and Irrigation Company, objected to the introduction of this judgment and

record upon the ground of certain irregularities appearing upon the face of the record, which it claimed rendered the judgment open to attack in this proceeding. The rulings of the trial court in admitting this record and judgment constitute the essential grievance of the appellant.

It appears that in the district court of Maricopa County, in the year 1893, the appellant brought suit against the Peoria Canal Company and the Arizona Construction Company, and applied for a receiver therein to take possesion of the property in controversy in this action. Thereafter the court appointed one James McMillan as such receiver, who took possession of the property, and, by leave of the court, issued a large amount of receiver's certificates to meet the expense of necessary improvements upon the property. This suit was docketed as No. 1728. Pending this action one W. H. Linn and others brought suit in the district court of Maricopa County against the appellant and other defendants, alleging in their complaint, among other facts, the pendency of action No. 1728, the appointment of the receiver, and the issuing of the receiver's certificates, and praying, among other things, that the assets of the Gila Bend Reservoir and Irrigation Company be marshaled, and that the receiver take possession of, and be directed to sell, the property of the said company, and from the proceeds of said sale pay the debts adjudged due against it. All the parties to this suit, including the Gila Bend Reservoir and Irrigation Company, appeared and answered. A trial was had, and judgment was rendered, in which the receiver was directed to sell the property. The record further discloses that a sale was made under this judgment by the receiver, which was affirmed by the court, and a deed executed by the said receiver to the purchaser, who was one of the grantors of the appellee. This judgment was appealed from to this court, where it was affirmed, and subsequently an appeal was taken by the appellant to the supreme court of the United States, where the judgment of this court was affirmed. *Gila Bend etc. Co.* v. *Linn,* 171 U. S. 685, 18 Sup. Ct. 942. The latter suit in the court below was docketed as No. 1996. The objection which the appellant urged in the court below to the judgment in cause No. 1996 was that it appears upon the face of the record that

the judgment ordering a sale of the premises by the receiver was without jurisdiction and void, for the reason that no order was made by the court extending the receivership in suit No. 1728 to cause No. 1996. In passing upon this objection the trial court pointed out that all the parties in cause No. 1728 were parties in cause No. 1996; that when the latter suit was brought the property was in the hands of the court, through its receiver, and that, after the bringing of cause No. 1996, the record disclosed that the court and all the parties, including the Gila Bend Reservoir and Irrigation Company, treated the property in possession of the receiver appointed in cause No. 1728 as though it had been placed in his possession as a receiver appointed in cause No. 1996; and, further, that orders were made by the court concerning said receivership which were entitled in both suits jointly; and held that, although no order was made consolidating the two suits, and no order was, in terms, made extending the receivership to the second suit, No. 1996, the receivership was in fact extended to the second suit; and that the court by its action ratified the acts of the receiver in the second suit, and thereby, in effect, extended his power and authority as such receiver to said second suit. The view thus taken is amply justified by an inspection of the record in the two suits, and upon this ground alone the action of the trial court in admitting the judgment was correct.

The trial court did not err for another reason. The failure of the court in case No. 1996 to enter a formal order extending the receivership from cause No. 1728 to cause No. 1996 was not one which rendered the judgment complained of void upon its face, but was a mere irregularity of practice, which should have been taken advantage of during the pendency of the action. As said by Mr. Justice Miller in *Cooper* v. *Reynolds*, 10 Wall, 308, 19 L. Ed. 931, "It is of no avail to show that there are errors in the record, unless they be such as to prove that the court has no jurisdiction in the case, or that the judgment rendered was beyond its power. This principle has been often held by this court and by all courts, and it takes rank as an axiom of the law." In *Cornett* v. *Williams*, 20 Wall. 226, 22 L. Ed. 254, we find this expression of the supreme court: "The settled rule of

law is that, jurisdiction having attached to the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached by fraud.'' It was within the power of the court to have extended the receivership in cause No. 1728 to cause No. 1996, it having jurisdiction of the property and the parties. The appellant had a right to object to the extension of the receivership so as to cover both cases without a formal order made and entered in that behalf. It could likewise have moved to set aside the judgment for this or any other irregularity that affected it. If it did not take any such action, it must be held to have waived the error. If it took any such action, the ruling of the court thereon, having been reviewed by this court and the supreme court, cannot now be reviewed in this suit, and the judgment in cause No. 1996 was conclusive, and not subject to collateral attack by appellant.

The judgment is affirmed.

DOAN, J., and DAVIS, J., concur.