[Civil No. 2139.   Filed December 3, 1925.]

[241 Pac. 307.]

# THE GILA WATER COMPANY, a Corporation, and FRANK A. GILLESPIE, Appellants, v. JAMES B. GREEN, Appellee.

1. ABANDONMENT — FORFEITURES — "FORFEITURE" AND "ABANDONMENT" DISTINGUISHED.—To create "abandonment," there must be intention to abandon, but such intention is not essential element of "forfeiture," and there can be forfeiture against and contrary to intention of party alleged to have forfeited.

2. WATERS AND WATERCOURSES—QUESTION OF FORFEITURE OF RESERVOIR RIGHTS HELD ONE FOR JURY.—In suit to quiet title, where issue of forfeiture of reservoir rights arose, which, under Civil Code of 1913, paragraph 5338, was merely question of whether, since destruction of original reservoir party had used due diligence to reconstruct and maintain it, such issue was question of fact for jury.

3. WATERS AND WATERCOURSES—FORFEITURE OF WATER RIGHTS HELD TO WORK FORFEITURE OF RESERVOIR RIGHTS.—Reservoir rights are dependent on water rights, and forfeiture of latter, under Civil Code of 1913, paragraph 5338, incidentally works forfeiture of former.

4. JUDGMENT—JUDGMENT IN SUIT TESTING VALIDITY OF SALE OF IRRIGATION COMPANY'S PROPERTY HELD NOT RES ADJUDICATA OF FORFEITURE OF RESERVOIR RIGHTS.—Judgment in suit in which only issue tried was validity of sale of irrigation company's property was not *res adjudicata* as to question of forfeiture of reservoir rights not litigated and which could not have been litigated therein.

5. JUDGMENT—JUDGMENT HELD NOT RES ADJUDICATA AS TO QUESTION OF DILIGENCE IN MAINTENANCE OF DAM.—Judgment in suit, in which only issue was validity of sale of irrigation company's property, *held* not *res adjudicata* of question of diligence in maintenance of dam, which could be raised on issue of forfeiture of reservoir rights in subsequent suit.

6. APPEAL AND ERROR—QUESTION WHETHER ORIGINAL NOTICE OF APPROPRIATION WAS DEFECTIVE CANNOT BE RAISED ON APPEAL.—In

1.   See 1 R. C. L. 2.
4.   See 15 R. C. L. 978.
6.   See 2 R. C. L. 69.

suit to quiet title, involving reservoir rights, question whether
original notice of appropriation was defective, not raised in trial
court, cannot be raised on appeal.

See (1) 1 C. J., p. 7, n. 36; 25 C. J., p. 1170, n. 15.  (2) 40 Cyc.,
p. 729, n. 82.  (3) 40 Cyc., p. 728, n. 70½ New.  (4) 34 C. J., p. 935,
n. 33.  (5) 34 C. J., p. 932, n. 29.  (6) 3 C. J., p. 689, n. 41.

On rehearing of appeal from a judgment of the
Superior Court of the County of Maricopa.  F. H.
Lyman, Judge.  Reversed and remanded.

For former opinion, see 27 Ariz. 318, 232 Pac. 1016.

Mr. C. F. Ainsworth and Mr. H. P. DeLongy, for
Appellants.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

Messrs. Struckmeyer, Jennings & Strouse, *Amicus
Curiae.*

WINDES, Superior Judge.—The facts are related
in the former opinion in 27 Ariz. 318, 232 Pac. 1016.
We formerly held substantially as follows: (1) That
appellant at one time did have a right to construct a
dam at the place of its present existence; (2) that
this right to construct said dam was created by a
compliance with the statutes of the territory relating
to the appropriation of water and the actual construc-
tion of the present dam in 1893; (3) that the ques-
tion of abandonment submitted to the jury was under
the undisputed facts a law question, and that under
the facts there was no abandonment; and (4) we held
that the judgment in the case of *Gila Bend Reser-
voir & Irrigation Co.* v. *Gila Water Company,* 9 Ariz.
57, 76 Pac. 990, established the right of the Gila Water
Company to build the dam as of the date of the deci-
sion—that is to say, March 15th, 1909.

29 Ariz.—20

That part of the former opinion holding that appellant at one time did have a right to construct the dam, that this right was created by a compliance with the statutes of the territory relating to the appropriation of water and the actual construction of the first dam, and that the appellant, as a matter of law, has not abandoned such right, is adhered to for the reasons therein stated. However, we believe that in two respects the former opinion is erroneous. While we adhere to the rules of law concerning the abandonment as declared in the former opinion, yet there is another question which was not considered at all; that is, the question of forfeiture. There is a plain, fundamental distinction between an abandonment and a forfeiture. While to create an abandonment there must necessarily be an intention to abandon, yet such an intention is not an essential element of forfeiture in that there can be a forfeiture against and contrary to the intention of the party alleged to have forfeited.

This case was tried and submitted to the jury on the theory of abandonment, whereas the facts, as presented in both the pleadings and the proof, created the issue of a forfeiture, and this court in the former opinion failed to recognize the distinction. As to whether there has been a forfeiture, there is no question of intention involved. It is merely a question whether, as provided by paragraph 5338, Civil Code of 1913, the appellant since the destruction of the original dam has used due diligence under all the circumstances of the case to reconstruct and maintain the same. That is a question of fact for the jury.

Some contention is made that paragraph 5338 provides only for a forfeiture of the water rights and not the reservoir rights, but the reservoir rights are dependent upon the water rights, and the forfeiture

of the latter incidentally works a forfeiture of the former.

The other error which we deem to exist in the former opinion of this court is that portion of the decision which holds that as a matter of law the effect of the judgment in the *Gila Bend Reservoir & Irrigation Co.* v. *Gila Water Co.* case, *supra,* was to establish such right to build the dam on the date of the rendition of the decision. It appears from a reading of this case that at some time prior to the year 1893 the Gila Bend Reservoir & Irrigation Company had an interest in the property involved and brought suit against the Peoria Canal Company and the Arizona Construction Company, asking for the appointment of a receiver. A receiver was appointed and issued receiver's certificates. Subsequently one Linn brought a suit against the Gila Bend Reservoir & Irrigation Company and others, asking that its assets be marshaled and the property sold. The receiver was directed by the court to sell and did sell the property to a predecessor in interest of the Gila Water Company. The only apparent issue tried in that suit was the validity of the sale. The view formerly taken was that, being a suit to quiet title wherein the immediate source of the title of both plaintiff and the defendant was the government and the plaintiff in this case had no interest in the land at the time of the filing of the suit nor at the time of the rendition of the decision, the judgment closed the question of the title. This view is entirely wrong, for the reason that the elementary rule of law applicable to such a judgment as this is that it is *res adjudicata* only on questions actually litigated, or which could have been litigated. The issue involved in the suit at bar is that of forfeiture. This question not only was not litigated, but could not have been litigated in the case of the *Gila Bend Reservoir &*

*Irrigation Co.* v. *Gila Water Co.,* above mentioned. If either plaintiff or defendant in that case had raised such an issue, he would have defeated his own contention. They must both necessarily have stood upon the proposition that there was no forfeiture. To hold that appellee cannot now raise the question of forfeiture prior to March 15, 1909, would be to deprive appellee of his day in court on that question, which of course cannot be done.

When the original dam was built, it became the duty of appellant from that time on to use due diligence in maintaining the same. The judgment in the *Gila Bend Reservoir & Irrigation Co.* v. *Gila Water Co.* case did not close the question of diligence, and the appellee should have the right at this time to question the same.

Counsel for appellee now makes a contention that the original notice of appropriation was defective, and that appellant never did appropriate any water. This question was not raised in the court below, and cannot be raised at this late hour.

The court formerly found, as an undisputed fact, that the first dam actually created a reservoir which flooded the identical land now claimed to be flooded. Counsel seem to disagree as to whether this fact was established. Of course it is essential that this fact exist in order for the appellant to have any of its right in the land. However, since the case is to be remanded for another trial, it is not necessary to further discuss this point.

It is therefore ordered that the former judgment of this court be vacated, and that, for the reasons stated herein and in the former opinion, the case be reversed and remanded for a new trial.

McALISTER, C. J., and ROSS, J., concur.