# BAILEY & COLLINS v. RYAN COTTON OIL MILL CO.

No. 16192—Opinion Filed Feb. 16, 1926.

Rehearing Denied July 13, 1926.

1. **Receivers—Extension of Receivership to Other Property—When Additional Receiver Unnecessary.**

Where a receiver is appointed over a portion of the property of defendant, the receivership may be extended to other property at the suit of a new party claiming an interest in the property already in possession of the court and also in other property belonging to the defendant. But where the receivership in the first instance is general, and the receiver is appointed to take possession of all the property of every character and description and preserve it for the benefit of creditors entitled thereto, there is no necessity for another receiver having like powers.

2. **Judgment—Collateral Attack—Receiver's Sale of Property not Under Receivership.**

The fact that the judgment for the sale of property by a receiver is made in a suit other than that in which he was appointed, and to which the receivership has not been extended, is not ground for a collateral attack on the judgment of sale.

3. **Receivers—Sale—Authority of Court as to Procedure.**

There are no requirements of the statute directing how a receiver's sale should be conducted, and the court has the authority to direct how the same shall be conducted and what notice shall be given to interested parties.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Jefferson County: M. W. Pugh, Judge.

Action by Bailey & Collins against the Ryan Cotton Oil Mill Company. From a judgment sustaining a motion to vacate and set aside an execution and levy on certain property owned by the defendant, plaintiff appeals. Affirmed.

McGown, McGown & Anderson, Hays Dillard, and H. B. Lockett, for plaintiff in error.

Green & Pruet, for defendant in error.

Opinion by PINKHAM, C. The parties to this controversy will be designated plaintiff and defendant, as they appeared in the trial court.

The record is voluminous, but the material facts necessary to be stated in order to determine the questions raised for consideration are as follows: During the year 1921 a number of suits were filed by different persons and companies against the Ryan Cotton Oil Company. One of these suits was filed by the Oklahoma National Bank of Chickasha et al., No. 3725, in the district court of Jefferson county. In said cause an application was made for the appointment of receivers, and on the 12th day of February, 1921, Sidney Webb and R. J. Brown were appointed receivers. Thereafter the Mideke Supply Company filed suit to foreclose a lien on part of the properties of the Ryan Cotton Oil Company. This cause was No. 3824 in the district court of Jefferson county. Three other cases: J. R. Saufley v. Bowie Cotton Oil Company et al.; Conrad Bros. v. Sidney Webb et al.; and Antrim Lumber Company v. Sidney Webb et al., were consolidated under No. 3824, and the four cases were tried and judgment rendered foreclosing liens and mortgages and establishing the priorities of the various lien claimants. After judgment had been rendered the court made an order directing the receivers, who had already been appointed

in case No. 3725, to sell the property covered by the liens, which had been foreclosed, the proceeds to be applied to the payment of the debts protected by said liens. In pursuance of the order of sale the receivers advertised the property involved for sale under said order and sold the same and on the 28th day of August, 1922, the court heard the report of the receivers showing sale as ordered by the court, and the court on that day confirmed said sale.

It appears·that J. R. Saufley became the purchaser of a certain part of the property involved, and R. K. Wooten became the purchaser of a certain part of the said property. It further appears that R. K. Wooten deeded the property purchased by him to the Ryan Cotton Oil Mill Company on September 11, 1922, and that J. R. Saufley deeded the property purchased by him to the Ryan Cotton Oil Mill Company on May 14, 1923.

The record further discloses the receiver's bill of sale to the Continental Gin Company and to the French Oil Machine Company and to the Briggs Weaver Machine Company, of certain personal property described in the several bills of sale, and that this personal property was afterward purchased by the Ryan Cotton Oil Mill Company. It further appears that at the time of the sale above referred to, the Ryan Cotton Oil Mill Company was not in existence, it having been organized in the fall of 1922. It further appears that the Ryan Cotton Oil Company and the Ryan Cotton Oil Mill Company are two distinct corporations, and have no connection with each other. None of the stockholders of the Ryan Cotton Oil Company are, or have ever been, stockholders in the Ryan Cotton Oil Mill Company, which is the company now claiming the properties involved in this controversy. The Ryan Cotton Oil Mill Company became the owner of the property involved in this suit in the autumn of 1922, and the suit of the plaintiff, Bailey & Collins, was not filed until long thereafter, and no judgment was procured against the defunct Ryan Cotton Oil Company until May 21, 1924. It further appears that the judgment of Bailey & Collins represents certain assigned claims of unsecured creditors.

The plaintiff, Bailey & Collins, caused an execution to issue and to be levied upon certain property of the present owner, the Ryan Cotton Oil Mill Company, who claims title through a judicial sale. Thereafter the Ryan Cotton Oil Mill Company filed a motion to quash the levy of the execution caused to be issued by the plaintiff, which motion was, by the court. sustained. and it was

adjudged and decreed by the court that the property of the Ryan Cotton Oil Mill Company levied upon herein, should be released from said levy, and the sheriff forbid to sell said property, and that he release the same: to which order of the court the plaintiff excepted.

Plaintiff's motion for a new trial was overruled, and from this ruling and the judgment, plaintiff has appealed to this court. Plaintiff submits its ground for reversal under its fifth assignment of error: That the court erred in sustaining motion of Ryan Cotton Oil Mill Company to quash the levy of execution. Plaintiff's argument in support of this assignment may be fairly stated as follows: First, that a district court cannot order receivers to sell property unless such receivers have been appointed in the case in which the order of sale is issued; second, that in case of foreclosure of liens, except where a receiver has been appointed. the execution of the judgment must be directed to the sheriff of the county in which the property is located.

It is argued under the first proposition that the order of sale issued out of the Mideke case and the sale made pursuant thereto and the order of confirmation of the sale by the court were void because no receiver was, by formal order, appointed in the Mideke case. We gather from the argument that if the cases had been consolidated by formal order this objection would be of no force and effect.

The record discloses that in the order appointing Sidney Webb and R. J. Brown receivers of the Ryan Cotton Oil Company in the case of the Oklahoma National Bank of Chickasha, Okla., v. Ryan Cotton Oil Co. et al., No. 3725, the court used the following language:

"It is therefore considered. ordered, adjudged and decreed by the court that Sidney Webb * * * and R. J. Brown * * * be and they are hereby appointed as receivers of said defendant Ryan Cotton Oil Company, and they are hereby ordered to immediately take into their possession and under their control all of the property. both real and personal and mixed, and all of the assets, debts, credits, and effects of said defendant Ryan Cotton Oil Company, a corporation. and to collect, hold, and manage the assets of said corporation and to protect the property thereof under the orders of this court. and to institute any suit or suits that may be necessary to collect and preserve the property and assets of said defendant corporation and to make a report of their proceedings hereunder within 60 days from the date hereof: and from time to time as ordered by this court. * * *"

It will be observed that all of the properties of the Ryan Cotton Oil Company were placed in the hands of said receivers, and that by reason of the control of the court over the receivers the property was in custodia legis, and when the Midke Supply Company filed its case, which became the consolidated action out of which the order of sale issued, the receivers, having been appointed and qualified, were made parties defendant, without whom a judgment could not have been rendered affecting the property of said company.

In the case of Fernald v. Spokane & B. C. Telephone & Telegraph Co. et al., 31 Wash. 219, 71 Pac. 731, where a question similar in many respects to the question here involved was considered, the court, after citing numerous cases, said:

"The effect of these decisions is that, where a receiver is appointed over a portion of the property of a defendant, the receivership may be extended to other property at the suit of a new party claiming an interest in the property already in possession of the court, and also in other property belonging to the defendants. But where the receivership in the first instance is general, and the receiver is appointed to take possession of all the property of every character and description and preserve it for the benefit of creditors entitled thereto, there is no necessity for another receiver having like powers." See 34 Cyc. 155.

In the case of Gila Bend Reservoir & Irr. Co. v. Gila Water Co., 9 Ariz. 57, 76 Pac. 990, it is said in the second paragraph of the syllabus:

"The fact that the judgment for the sale of the property by a receiver is made in a suit other than that in which he was appointed, and to which the receivership has not been extended, is not ground for a collateral attack on the judgment of sale."

In affirming this case the Supreme Court of the United States, found in 202 U. S. at page 270, in an opinion by Mr. Justice McKenna, said, after quoting at length from the opinion of the Arizona court:

"We concur in this conclusion. The objection made by the appellant to it is, as we have indicated, that suit No. 1996 was a proceeding in rem and that the court did not acquire jurisdiction of the property for the reason that it was in the custody of the court in suit No. 1728, and that the court in the latter case did not extend the receivership to the No. 1996 nor consolidate the suits, and, therefore, had no power to order the sale of the property by the receiver in No. 1728. This is tantamount to saying that the absence of formal orders by the court must prevail over its essential action. It is clear from the record that the district court considered the cases pending before it at the same time, considered No. 1996 as the complement of No. 1728, regarded the cases in fact as consolidated, and empowered the receiver appointed in 1728 to sell the property and distribute the proceeds as directed by the decree in 1996. * * *"

From an examination of the record in the instant case, it is clear that the district court considered the two cases, the Oklahoma National Bank case and the Mideke case, as consolidated and empowered the receivers appointed in the Oklahoma National Bank case to sell the property and distribute the proceeds according to the order of the court in the latter case.

The original receivers were made parties to the Mideke case. The making of the receivers defendants brought both the receivers and the property involved under the jurisdiction of the court in the Mideke case.

We think the court had jurisdiction of the parties and of the property, and therefore had jurisdiction to make the order of sale.

In the case of Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931, Mr. Justice Miller said:

"It is of no avail, therefore, to show that there are errors in that record, unless they be such as prove that the court has no jurisdiction in the case, or that the judgment rendered was beyond its power. This principle has been often held by this court, and by all courts, and it takes rank as an axiom of the law."

A number of cases are cited in plaintiff's reply brief in support of its contention. It would serve no useful purpose to discuss the cases cited further than to say that in view of the facts disclosed by the record in the instant case, they are inapplicable as authorities to support the proposition contended for.

The further contention made by counsel for plaintiff in their brief— that the court could not order receivers to sell property on which there was a mortgage, but that such an order of sale must be directed to the sheriff of the county in which the property is located—cannot be sustained. A number of cases are cited by counsel for plaintiff to the effect that under our procedure, in order to enforce a decree of foreclosure of a mortgage upon real estate, a special execution or order of sale issue from the office of the clerk of the district court to the sheriff of the county. Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 Pac. 486; Price v. Citizens State Bank, 23 Okla. 723, 102 Pac. 800; Johnson v. Taylor, 68 Okla. 229, 173

Pac. 1039; Condit v. McKinley, 94 Okla. 266, 221 Pac. 1007. These cases involved a foreclosure of mortgage, and in none of them had a receiver been appointed. The sale in the case at bar was a receivers' sale, wherein the property was in the custody of the court through its receivers, while the cases cited by plaintiff involved a sale of property under a mortgage foreclosure.

In Farmers' Hardware & Implement Co. v. Thacker, 54 Okla. 425, 153 Pac. 1144, the court held:

"There are no requirements of the statute directing how a receiver's sale should be conducted, and the court has the authority to direct how the same shall be conducted and what notice shall be given to interested parties."

In First National Bank of Tulsa v. Colonial Trust Co., 66 Okla. 106, 167 Pac. 985, the court held:

"It is not a valid objection to the confirmation of the return of sale made by the receiver that a part of the property sold was real estate, and therefore the order of sale should have been directed to the sheriff and not to the receiver."

The above cases follow the early case of Threadgill v. Colcord, 16 Okla. 447, 85 Pac. 703. All of the above cases are cited and approved by this court in Oklahoma City Packing & Provision Co. v. Pearson, 94 Okla. 124, 220 Pac. 932.

We conclude that the proceedings of the district court in the receivership and sale of the properties was regular, and that the motion of the Ryan Cotton Oil Mill Company to quash the execution levied on its property was properly sustained, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. pp. 155, 158. (2) 34 C. J. p. 555 § 856. (3) 34 Cyc. p. 314; 23 R. C. L. p. 98.