## MIDEKE SUPPLY CO. et al. v. RYAN COTTON OIL CO. et al.

No. 18309. Opinion Filed Nov. 20, 1928.

H. B. Lockett, McGown & McGown, and George M. Nicholson, for plaintiff in error First National Bank of Ryan.

Green & Pruet, for defendant in error Ryan Cotton Oil Mill Company.

FOSTER, C. In the year 1921, the Oklahoma National Bank filed a suit in the dis-

trict court of Jefferson county against the Ryan Cotton Oil Company, and upon application of said bank receivers were appointed in said cause to take charge of all the property of said company, which consisted of several cotton mills and gins, together with real estate located in Jefferson and Stephens counties. The grounds for the appointment of the receivers were set up in the order.

After the appointment of the receivers, the cases of Mideke Supply Co. v. Ryan, No. 3824; J. R. Saufley v. Bowie Cotton Oil Co.; Conrad Bros. Co. v. Sidney Webb, and the Antrim Lumber Co. v. Sidney Webb, were all commenced in said county for the foreclosure of certain mortgages and liens against the property of the Ryan Cotton Oil Company, and in each of said actions the receivers appointed as above set out were made parties defendant.

All of the above-named cases were consolidated except the case of Oklahoma National Bank v. Ryan, and the cases so consolidated were tried in July, 1922, and a judgment was granted foreclosing the mortgages and liens of each of the parties to the consolidated case. Upon agreement of all the parties, the receivers were directed to sell all the property of the Ryan Cotton Oil Company and apply the proceeds to the debts protected by said liens and mortgages. Pursuant to said order, the receivers advertised the property for sale at the courthouse in Jefferson county, sold the same, and made a report thereof, which was approved by the court on the 28th day of August, 1922.

At said sale several persons purchased the property belonging to the Ryan Cotton Oil Company, and afterwards transferred the same by deeds and other assignments to' the Ryan Cotton Oil Mill Company, which company was a separate corporation from the Ryan Cotton Oil Company and organized after the receivers' sale of the property, the stockholders in the two corporations being entirely different.

On the 6th day of April, 1925, the First National Bank of Ryan filed its motion to vacate the order of sale, the sale held pursuant thereto, and the confirmation of the same by the court, alleging in its motion that it (the First National Bank of Ryan) had secured a judgment against the Ryan Cotton Oil Company in the sum of $13,074, and that the sale of the property, as above set out, was absolutely void and a cloud upon the title of said property; and that the First National Bank, movant herein, is unable to have execution of its judgment against said

property unless said order of sale, and the sale, and the order confirming same be set aside.

To this motion, the Ryan Cotton Oil Mill Company filed a response in which it denied generally all the allegations contained in the motion of the First National Bank and set up numerous other defenses.

On a hearing of said motion, the order appointing the receivers, the order of sale, the notice of sale, the order confirming the same, and the deeds and assignments made pursuant thereto were all introduced in evidence, and it was agreed that the Ryan Cotton Oil Mill Company was now the owner of all the property so sold. No receiver had ever been appointed in the case of Mideke Supply Co. v. Ryan, although the receivers were parties defendant in each of the consolidated cases. The First National Bank, movant herein, was not a party to the consolidated case, nor to the case of Oklahoma National Bank v. Ryan, supra.

The district court denied the motion of the First National Bank to set aside the sale, and after an unsuccessful motion for a new trial, the matter is brought here for review.

The several assignments of error presented by the First National Bank are argued under the following propositions:

(1) That the order appointing the receivers shows that no legal grounds existed therefor, and, therefore, the order being void, all subsequent proceedings held thereunder, including the order of sale, are void.

(2) That the property sold was under a judgment foreclosing liens and mortgages, and that the mortgages waived appraisement, and therefore under the law the property could not be sold until six months after the judgment was taken, and in this case it was sold about a month thereafter.

(3) That according to section 713, C. O. S. 1921, lands under execution must be sold in the county where the same are located, and here the record shows that the receivers sold lands located in Stephens county at the courthouse in Jefferson county.

(4) That the order of sale should have been directed to the sheriff instead of to the receivers.

Our attention is called to the case of Bailey & Collins v. Ryan Cotton Oil Mill Co., 119 Okla. 57, 248 Pac. 321. The property involved in that case is the identical property involved in the case at bar. In that case, Bailey & Collins had secured a judgment against Ryan Cotton Oil Company in an-

other suit exactly in the same manner as the First National Bank alleges in its motion that it had received its judgment. Instead of filing a motion in the case at bar to set aside the order of sale, and the confirmation of same, as was done in this case, Bailey and Collins issued an execution against the property sold at the receivers' sale, as above described, and in the possession of the Ryan Cotton Oil Mill Company.

In that case, the court, in the body of the opinion, uses the following language:

"We conclude that the proceedings of the district court in the receivership and the sale of the properties was regular, and that the motion of the Ryan Cotton Oil Company to quash the execution levied on its property was properly sustained. * * *"

However, we are not unmindful of the fact that, in the Bailey and Collins Case, different grounds were presented to set aside the order of sale than are presented in the case at bar. In that case the questions presented were: First, that the court had no jurisdiction of the parties and no power to make the order of sale, because the receivers were appointed in a different case than the case in which the order of sale was made; and, second, that the sheriff should have sold the property, instead of the receivers, both of these propositions being decided against the contentions of Bailey and Collins. However, the grounds argued in this appeal were available at that time.

Regardless of whether or not the case of Bailey & Collins v. Ryan Cotton Oil Mill Co., supra, is binding upon the plaintiff in error here, and regardless of whether there is any merit in the contentions of the said plaintiff in error, we are of the opinion that the First National Bank was not in position to attack the sale.

The motion of the First National Bank alleges that it had a judgment against the the Ryan Cotton Oil Company and was entitled to an execution. This is denied by the motion of the Ryan Cotton Oil Mill Company. We have searched the record, and find no proof that the First National Bank had a judgment against the Ryan Cotton Oil Company. It was not a party to the consolidated case until it filed its motion to vacate the order of sale, nor was it a party to the original case in which the receivers were appointed. The record fails to show that the First National Bank was an interested party or was affected by the sale. The statement that it had a judgment against the Ryan Cotton Oil Company in its motion to vacate the order of sale, unsupported by any proof, is not sufficient.

Assuming, without deciding, that there is some authority for the plaintiff in error to have the sale vacated on motion, since said plaintiff in error failed to produce any proof that it had a judgment as alleged, or was otherwise affected thereby, said plaintiff in error was clearly not entitled to any relief, and the judgment of the trial court should be, and is hereby, affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.