**JOHNSON et al. v. BEARDEN PLUMBING & HEATING CO. et al.**

No. 27529.   Sept. 21, 1937.

B. C. Franklin and Primus C. Wade, for plaintiffs in error.

Bailey E. Bell. for defendants in error.

BAYLESS, V. C. J. Bearden Plumbing & Heating Company, a corporation, filed an action in the district court of Tulsa county, against Grant Johnson and wife, to foreclose a lien upon certain real estate. W. E. Winn, doing business as Winn Lumber Company, also a lien claimant, intervened. After a long course, judgment was rendered, the property was sold on execution, the sale was confirmed, a deed was executed by the sheriff, and a writ of assistance was issued.

Johnson's wife then filed a motion to recall the writ of assistance, to vacate and set aside the order of sale, and to cancel the sheriff's deed. This motion was denied, and this appeal followed.

The first thing to be noticed in the briefs is plaintiff's motion to dismiss the appeal upon the ground that no service of the case-made was made upon the Bearden Company. A separate motion to the same effect was filed and previously considered. We overruled the motion upon a showing by defendants, not controverted by plaintiff, that the Bearden Company's judgment had been assigned to Winn, and from the record Winn was the only interested appellee. Appellee simply renews the motion in his brief without further showing

or argument. Sections 531 and 534, O. S. 1931 (12 Okla. St. Ann. 954 and 958), only require the service of the case-made upon the opposite or adverse party. It is specifically provided in the first section cited that no service shall be made upon one who disclaims. This obviously would include one who has transferred his entire interest. See City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418. We adhere to our previous order herein and hold that a judgment creditor who has assigned his entire interest in a judgment is not a necessary party to an appeal.

The first assignment of error reads:

"That said real estate herein being appraised at $4,500 (C.-M. p. 27), a later appraisement in the sum of $1,650 and sale thereunder, without an order of court first setting aside appraisement (C.-M. p. 36), was unauthorized and absolutely void."

The record shows that after the judgment had been rendered, and on April 25, 1931, the property was duly appraised at $4,500. The next thing appearing in the record is an appraisement under date of March 2, 1936, at a value of $2.750, less a mortgage of $1,100. The defendant argues that when property has been appraised for the purpose of execution sale, section 466, O. S. 1931 (12 Okla. St. Ann. 801.), applies, and a reappraisal is not authorized without strict compliance therewith. A reading of our opinions and those of Kansas appear to construe this statute in keeping with defendant's argument, that is to say, the property, once appraised, must thereafter be offered for sale twice before a reappraisal can be ordered. See Alexander v. American Nat. Bank, 54 Okla. 345, 153 P. 130, and Capital Bank v. Huntoon, 35 Kan. 577, 11 P. 369; however, there is a definite limitation mentioned in the application of this law.

In the Oklahoma case it is said:

"* * * Said section presupposes a valid subsisting judgment, a valid execution, and a valid appraisement. * * *"

No complaint is made of the validity of the judgment, and no argument has been made that it was not proper to issue the execution by virtue of which the first appraisement was made. The defendant does argue that the first appraisal was invalid because the property was mortgaged, and section 445, O. S. 1931 (12 Okla. St. Ann. 751), was not complied with. The mortgage is in evidence. The appraisement is in evidence and it shows that the mort-

gage lien was not taken into account in the appraisement. Therefore, it conclusively appears that there was an invalid appraisement as contended by defendant. But, says the defendant, the court must first make an order adjudging the invalidity and ordering a reappraisal, and that this record fails to disclose that this was done. Plaintiff asserts that defendant admits, or rather pleads, that this was done, and the omission is immaterial. It is true that in paragraph 3 of the motion the defendant says:

"* * * And on the 23d day of April, 1931, caused to be issued praecipe and order of sale; but the same was set aside by order of court upon motion or injunction of defendant's counsel."

But the defendant says in the succeeding paragraph:

"* * * That said appraisement still stands for the reason that no motion or other proceedings have been instituted to have the same set aside. * * *"

A consideration of the apparently contradictory pleas discloses that they are not in conflict. In No. 3 she was speaking of the issuance of an execution under improper circumstances, and set up that it was quashed. An appraisement was made under it which she asserts still stands. This cannot be, for a valid appraisement presupposes a valid execution, and the execution was rightfully set aside, so the defendant says. If there was no valid subsisting execution, there was no valid appraisement. Therefore, when the second order of sale and execution was issued, there was no valid appraisement in existence, and an appraisement was a necessary step. In the Kansas case it is suggested that where several years time has elapsed between the appraisement and the succeeding order of sale (as is in our case), it might be better for the court to order a reappraisement, if the circumstances justified.

The second assignment complains of the consideration for the assignment of the Bearden Company's judgment. This is not a matter of concern to defendant. She had not paid the judgment, and so long as it remained a valid charge against her and her land, she has no control over nor complaint to make about the consideration passing for assignments thereof. This is elementary.

The third assignment of error reads:

"That said purported sale is also void for the further reason that same was made without an accounting being first had with receiver of the property involved herein and that there was no way of ascertaining what equity plaintiff in error then had in said property."

The argument hereunder is bottomed upon the theory that an accounting by the receiver should have been had and the lien of the mortgage adjusted accordingly, whereby the equity of the defendant would have been disclosed to be greater than actually it was shown. We think it would be proper to adjust the equities in order that the appraisal would reflect the owner's equity with reasonable certainty. An order confirming a sheriff's sale is res judicata upon all matters presented by and pertaining to the order of sale or execution and the steps thereunder. Capital Bank of Topeka v. Huntoon, 35 Kan. 577, 11 P. 369, and Christy v. Springs, 11 Okla. 710, 69 P. 864. But such a sale may be attacked by anyone interested in the title to the property. Producers State Bank v. Clark, 102 Okla. 181, 228 P. 986; Sparks v. City Nat. Bank, 21 Okla. 827, 97 P. 575, and Mideke Sup. Co. v. Ryan Cotton Oil Co., 133 Okla. 220, 271 P. 1022.

However, a reading of the cases annotated under section 456, O. S. 1931, and 12 Okla. St. Ann. 765, notes 41-53, discloses that it is not mere irregularities which render the proceeding voidable, but steps omitted or defectively performed which are deemed material to the jurisdiction of the court to proceed, which render the proceeding void that justify vacating an order of confirmation. See Morgan v. Stevens, 101 Okla. 116, 223 P. 365.

To have moved to quash, or to have objected to the confirmation on the ground of improper or defective appraisement, might have been sufficient to justify an order accordingly. We do not think it should justify an order vacating unless prejudice is shown. None is shown here. The figure was set at $2,750, less $1,100. Actually it should have been $2,750 less $938.58, or a difference of $1,811.42, and the bid of $1,200, or slightly less than two-thirds. But there were about $500 delinquent taxes, and these should have been taken into account. Guaranty Bank of Oklahoma City v. Galbreath, 99 Okla. 9, 225 P. 971. Under these circumstances, we do not believe defendant has any complaint of the refusal to vacate on this ground.

OSBORN, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.